Fielder and others *vs.* Collier.

No. 73.—FIELDER, BROTHERS & Co. plaintiffs in error, *vs.*
WILLIAM E. COLLIER, defendant in error.

[1.] Documentary evidence which is referred to and discussed in the bill of
exceptions, and copies of which are appended thereto as exhibits, and
which exhibits are officially endorsed by the presiding Judge, need not be
embodied in the bill of exceptions.

Motion, to dismiss writ of error.

Issue was joined in this case, under protestation, and a motion made to dismiss the writ of error, upon the following grounds:

1st. Because the brief of testimony is not embodied in the bill of exceptions.

2d. Because it does not appear by the Clerk's certificate, or in any other way, that the entire bill of exceptions was filed in the Clerk's office within ten days after the Judge's certificate, or that it ever was filed in said office.

3d. Because the bill of exceptions, citation, writ of error, and notice, were not filed in the Clerk's office within the time prescribed by law.

H. MORGAN and DAVID A. VASON, for the motion.

LYON & CLARK, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

A motion is made to dismiss the writ of error in this case, upon the grounds : 1st. Because the brief of the testimony is not embodied in the bill of exceptions.

[1.] It is not necessary that this should be done. *Carey, Assignee, &c. vs. Giles, Receiver,* (10 *Ga. R.* 1.) The testimony referred to in the objection are copies of certain interrogatories, which were read on the trial of the cause in the Court

below.  They are appended to the bill of exceptions, and referred to as exhibits, "marked A, B, and C, and certified by the presiding Judge."   On each of the exhibits thus attached, is the name of " *William C. Perkins, J. S. C. S. W. C.*" officially endorsed by himself.   This is sufficient evidence of the identity of these documents.

2dly and 3dly.  Because it  does not appear by  the Clerk's certificate, or in  any other  way, that  the bill of exceptions, writ of  error, citation and notice, were filed in the Clerk's office within the time prescribed by law; or that they ever were filed in said office.

It appears by an inspection of the record, that the bill of exceptions was certified and signed by the presiding Judge on the 30th day of May, 1853 ; and that the bill of exceptions, writ of error, citation and notice, were all duly filed in the Clerk's office of the Superior Court of Lee County, on the 3d day of June, 1853.

Motion refused.