The Central Railroad and Banking Company, plaintiff in error, *vs.* William T. Opie, defendant in error.

1. The verdict was not so contrary to the evidence as to require the supreme court to order a new trial, where the presiding judge had twice done so, on like verdicts in the same case, and had declined to interfere a third time. The issue being a question of negligence, and there being some evidence from which the jury could infer negligence, repeated findings, to the same effect, ought to be respected.

2. Where the brief of evidence, with the agreement of counsel entered thereon, is attached to the bill of exceptions as an exhibit, and is referred to therein as follows: "A brief of the testimony introduced on said trial has been agreed to in writing by counsel for plaintiff and defendant, filed, and is a part of the record of the cause, a copy of which is hereto annexed, marked exhibit A, and to which reference is prayed," the writ of error will not be dismissed for the want of the approval of such evidence by the judge. The aforesaid recital, together with the usual certificate of the judge attached to the bill of exceptions, held to be a sufficient approval of the brief of evidence. (R.)

3. Nor will the fact that no copy of the brief of evidence is embodied in the transcript of the record, be ground of dismissal, it not appearing from the brief of evidence or the record, that the former had been filed and made a part of the record. Neither the aforesaid recital in the bill of exceptions, nor the agreement of counsel, entered on the brief of evidence, to consider it filed, establishes the fact that it had been made a part of the record. (R.)

4. The provision in the act of 1870, embraced in §4253 of the Code, in reference to making the brief of evidence a part of the record, is permissive, and not compulsory. Cases may still be brought up by embodying the evidence in the bill of exceptions. (R.)

ATLANTA, JANUARY TERM, 1877. 347

The Central Railroad and Banking Company vs. Opie.

5. Where the motion for a new trial comes up as a part of the record, and the bill of exceptions recites that the statements made in each ground of the motion are true, the grounds held to be sufficiently verified by the judge. (R.)

New Trial. Practice in the Supreme Court. Before Judge JOHNSON. Screven Superior Court. May Term, 1876.

Opie brought case against the Central Railroad and Banking Company for $500.00, damages alleged to have been sustained by reason of the killing of a mare. The jury found for the plaintiff $300.00. The defendant moved for a new trial. The court overruled the motion upon "the ground that, although the opinion of the court upon the law and facts as submitted on the trial, is that the defendant is not liable to the damages assessed by the verdict in this case, yet there having been three verdicts to the same effect, the court will not now disturb the decision of the jury in this case by again granting a new trial."

To this ruling the defendant excepted.

The facts are sufficiently stated in the opinion.

When the case was called in this court, a motion was made to dismiss the writ of error upon several grounds. The facts, as well as the rulings of the court, will be found fully stated in the head-notes.

JACKSON, LAWTON & BASINGER; GEO. R. BLACK, for plaintiff in error.

JOHN C. DELL, by R. H. CLARK and Z. D. HARRISON, for defendant.

BLECKLEY, Judge.

Though the court had twice granted a new trial on similar verdicts, to leave the third verdict to stand was right, there being evidence that the train was running at unusual

speed, and that no effort was made to stop or slacken it, and the evidence being conflicting as to whether there were, or were not, bushes and briers contiguous to the line of road, calculated to impede the mare in escaping to the open field. Even if the engine or cars did not touch the animal, she was probably not allowed as much time to get clear of danger as ordinary and reasonable care, even for the safety of the train, required. Her fall into the stock-gap of the company might not have occurred (and of this the jury were to judge) if timely effort had been made to check the unusual speed at which the train was running. Why some effort was not made is wholly unexplained—see 46 Ind. R., 229; 48 *Ga.;* 514.

Judgment affirmed.