## WORSHAW *vs.* NEWTON.

[Jackson, Judge, did not preside in this case on account of providential cause.]

The bill of exceptions not having been served in this case, it was dismissed.

WARNER, Chief Justice.

## McMICKLE *vs.* WATSON.

Where the bill of exceptions was filed in time for the August term, 1877, but not sent up to the clerk of this court until the present term, no steps having been taken to secure a hearing at the last term, the writ of error will be dismissed.

WARNER, Chief Justice.

## WOOLBRIGHT *vs.* WALL.

Affidavits used on hearing of application for injunction must be set forth in the bill of exceptions, or otherwise identified by the chancellor. That they are set forth in the record, followed by the usual clerk's certificate, will not prevent a dismissal.

WARNER, Chief Justice.

## WIMBERLY *vs.* ADAMS.

Where the brief of evidence shows no approval by the court, the writ of error will be dismissed.

WARNER, Chief Justice.

## HUGHERS, SR. *vs.* CHAPMAN.

The land court has no power to try a *caveat* to the issuing of a warrant or to the granting of land. The ordinary can only transmit the caveat, etc., to the superior court as an original case. Code, §2370. If he renders a judgment upon the caveat, and the caveator appeals, and the appeal is transmitted, it should be dismissed, there being no provision of law for such a judgment, or for an appeal therefrom. After the appeal is dismissed, the ordinary may still perform his duty in respect to an official transmission of the original case. The superior court should not consider the original case as before it in consequence of the transmission of the appeal.

Cited in the argument: Code, §§2368–2370, 2375.

BLECKLEY, Judge.