COLQUITT, governor, *vs.* SOLOMON.

1. Exhibit, when a part of the bill of exceptions, and when an exhibit proper, requiring separate identification by the judge's signature.
2. Recognizance, indictment and preliminary affidavit and warrant are not a part of the record of *scire facias*, so as to dispense with the judge's identification of them as the evidence which was offered or introduced on the trial of the *scire facias*.
3. When the correctness of the judgment complained of depends upon the evidence, the evidence must be brought up, duly authenticated.
4. The several methods of bringing up the evidence, stated.

Practice in the Supreme Court. New trial. Bill of exceptions. Exhibits. *Scire facias*. Before the Supreme Court. August Term, 1878.

The bill of exceptions was, in substance, as follows: The case of Colquitt, governor, against C. S. Solomon as principal, and Susan L. Solomon as security, came on to be heard, the same being a *scire facias* calling on said defendants to show cause why judgment should not be en-

tered against them for $2,000.00, on a forfeited recogni-
zance. Plaintiff introduced in evidence the record of the
proceedings against said C. S. Solomon as follows: The
affidavit of Collins charging said Solomon with the offense
of defacing a record, and the warrant issued for his arrest,
true copies of which, with the entries thereon, are hereto
attached, marked exhibits A and B; the indictment found
against said Solomon, which appears of record; and the
order of the superior court forfeiting the recognizance.

Plaintiff then tendered the recognizance in evidence, and
it was objected to upon the ground that there was a variance
between the paper so offered and that described in the
*scire facias*. The court sustained the objection.

Plaintiff then proposed to prove by parol that the par-
ties thereto intended to give a bond to secure the attend-
ance of said C. S. Solomon on the superior court of Fulton
county, and to show that the words "superior court now in
session," as used in said recognizance, were intended to ap-
ply, and did apply, to the superior court of Fulton county.
The court rejected this evidence.

A correct copy of the recognizance is hereto attached,
marked exhibit C. The affidavit, warrant and bond copied
in exhibits A, B, and C, were attached together, and were
in the custody of the proper officer previous to, and up to
the time of said trial.

No other evidence being introduced, the court rendered
judgment in favor of said Susan L. Solomon, the case hav-
ing been submitted to it by consent.

Plaintiff assigns error in the rulings of the court as follows:

1. Because the court erred in refusing to admit said bond
in evidence as hereinbefore stated.

2. Because the court refused to admit the parol evidence
as above stated.

3. Because the court erred in rendering judgment in favor
of said Susan L. Solomon under the evidence in said case.

The presiding judge certified "that the foregoing bill of
exceptions is true, and together with exhibits A, B and C,

hereto attached, contains all the evidence material," etc., continuing in the usual form.

Following the certificate were the affidavit, warrant and bond, marked respectively exhibit A, B and C. Upon neither of these exhibits was there any identification, by signature or otherwise, of the judge.

The transcript of the record was composed of copies of the affidavit, warrant, bond, indictment, order appointing B. F. Abbott Esq., solicitor-general for this case, the solicitor of the circuit being disqualified, the forfeiture of the bond, the *scire facias*, and the plea of Mrs. Solomon, all under the usual certificate of the clerk.

When the case was called a motion was made to dismiss the writ of error upon the ground that the evidence offered upon the trial was not set forth in the bill of exceptions, nor sufficiently identified as exhibits attached thereto, by the presiding judge. The motion was sustained, the court enunciating the principles set forth in the opinion.

B. F. ABBOTT, solicitor-general *pro tem.*, for plaintiff in error.

JOHN L. HOPKINS, for defendant.

BLECKLEY, Justice.

1. Whatever precedes the judge's certificate, though called an exhibit, is a part of the bill of exceptions, and may be verified by the certificate alone. 48 *Ga.*, 566 ; 58 *Ga.*, 346. What follows the certificate as an exhibit, is an exhibit proper, and must be identified, as indicated by the tenth rule of this court (38 *Ga.*, 689), by the judge's signature upon the same. Such identification, strictly speaking, was requisite, even before the rule called for it in express terms. 13 *Ga.*, 495. The case in 10 *Ga.*, 1, was decided on its own special facts, and the court intimated an opinion against its being taken as a precedent on the fourth point ruled. See the caution on page 5.

2. A *scire facias* brought by the state to recover judgment on a recognizance as forfeited, does not so draw to it the recognizance, the indictment, and the preliminary affidavit and warrant, of file in the clerk's office, as to make them a part of the record in the *scire facias* case, and thereby fit them to come to this court in the transcript without other identification than what results from the usual certificate of the clerk annexed to the transcript. At least, this is so on the question of whether they were the identical papers offered in evidence on the trial of *scire facias.*

3. To review a judgment when the assignment of error is, that "the court erred in rendering judgment in favor of said defendant, under the evidence in said case," it is necessary to have the evidence here; and to be here, it must come duly authenticated.

4. The following statement as to the modes of bringing evidence to this court, except the rigor of strict law be softened by consent of parties or their counsel, and except where documents, by reason of being copied in or annexed to the pleadings, must necessarily come up as a part of the record, is exhaustive, and may be deemed correct in every particular.

(*a*) *If no motion for a new trial.* Incorporate the evidence in the bill of exceptions somewhere. It may be the first thing, or the last thing before the judge's certificate, or it may come in at any intermediate place. Or, let it follow the judge's certificate as an exhibit, referring to it as such in the bill of exceptions, and having the judge to place his signature to or upon the exhibit to identify it as the same to which the bill of exceptions refers.

(*b*) *If a motion for a new trial.* Pursue either of the foregoing methods, just as if there had been no motion ; or simply refer, in the bill of exceptions, to the brief of the evidence approved and filed on the motion for a new trial, leaving the clerk to send up a copy of the brief in the transcript. To make the brief a part of the record, so as to fit it for appearing in the transcript, it must be expressly

approved by the judge, and filed with the clerk, or in his office. The evidence of approval is either an entry on the brief to that effect, signed by the judge, or an express affirmation in the bill of exceptions that it was approved. The evidence of filing is either the usual entry of the clerk, regularly signed, or else something in the bill of exceptions or in the record, or in both compared, from which filing can be inferred with certainty.

Writ of error dismissed.