## Morgan *vs.* Twitty *et al.*

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Affidavits used on the hearing of an application for injunction constitute no part of the record. To bring them to this court, they should be incorporated in the bill of exceptions and followed by the judge's certificate, or attached as exhibits and identified as the identical affidavits used on the hearing by the judge's signature on each. (R.)

2. If it were possible to identify the affidavits as being in the record, the bill of exceptions in this case was signed June 19, and the record certified July 1, so that there would not be any identification. (R.)

Practice in the Supreme Court. September Term, 1879.

Reported in the opinion.

C. O. Davis; F. T. Cullins; DuPont Guerry, for plaintiff in error.

Jas. H. Spence; Jas. H. Scaife; I. A. Bush, by Jackson & Lumpkin, for defendants.

Jackson, Justice.

The bill of exceptions brings up the refusal of the chancellor to grant an injunction. It appears therein that the

chancellor had before him in addition to answers of the defendants certain affidavits. These affidavits are referred to in the bill of exceptions in the following language, as the evidence which the chancellor had before him, to-wit: "The bill filed in said case by complainant and amendment thereto, with the affidavits of E. H. Shackelford, W. H. Brimbury, H. C. Dasher, James Morgan, and transcript of city council record of Camilla, Georgia, and the answers and affidavits attached thereto of the defendants, which bill, amendment, answers and affidavits compose the record in this case, and are hereby referred to and made part of this bill of exceptions." The certificate of the chancellor is dated June 13, 1879, and that of the clerk to the record July 1, 1879.

1. According to the ruling of this court in *Colquitt, governor, vs. Solomon,* 61 *Ga.,* 492, and the case of *City of Atlanta vs. Glover, 1 b.,* 337, the writ of error must be dismissed. These affidavits constitute no part of the record of the case, and should have been exhibited to the bill of exceptions, and identified by the judge's signature on each of them as the identical affidavits which were before him, or incorporated in the bill of exceptions with the certificate of the judge after them, or, at all events, should have borne his signature when filed in the clerk's office.

2. Moreover, if the record could be referred to in order to identify the affidavits, the record appears to have been made up on the 1st of July, whilst the bill of exceptions is dated the 19th of June; so that when the judge signed the bill of exceptions, it cannot be inferred that he referred to the transcript sent up here in this case, and the case of *The City of Atlanta vs. Glover,* before cited, covers this in that respect.

This court cannot review the decision of the chancellor unless it has all the evidence before it which he had, and it must appear from the bill of exceptions incorporated therein, or exhibits thereto with the sign manual of the judge

thereon, what identical evidence was before him in the form
of affidavits when he pronounced judgment for or against
the application for injunction.    See also *Woolbright vs.
Wall*, 60 *Ga.*, 595.

The writ of error is dismissed.