MASLAND, JR., *et ux. vs.* KEMP *et al.*

1. Where evidence is brought up as exhibits attached to the bill of exceptions, and following the certificate of the presiding judge, such exhibits must be identified by the signature of the judge. If the exhibits be not so identified, and the facts are necessary to an adjudication of the questions made, the writ of error will be dismissed.

(a.) Where exception is taken to the dismissal of a bill in equity on the pleadings and evidence after the testimony was closed (in the nature of a non-suit at law), the entire evidence is essential.

2. Exception to the refusal of a continuance because parties had not been served, if the question of *laches* of the complainant in not having service made was involved, cannot be determined by this court without all the evidence on the subject of *laches*.

3. Whether the court erred in requiring complainants to elect whether they would pursue money or property, would depend on the case made, not only by the pleadings but also by the proof—the whole case made; and to adjudicate it, the evidence is necessary.

4. To decide whether the admission or rejection of testimony was error, the other testimony is necessary.

5. An exception to the ruling on demurrer to a bill, plea, or the like, may be heard without the evidence in the case, because the record presents the whole case on the point, and *aliunde* facts cannot be considered. In all other cases the evidence must be incorporated in the bill of exceptions or exhibited thereto (no motion for new trial being made). If the exhibits be before the judge's certificate, they are embraced therein; if they come after the certificate, each must be identified, as required by the 10th rule of court, as stated in 38 *Ga.*, 689; 61 *Id* , 402.

6. A bill of exceptions with the certificate is the writ of error, and must be certain, especially as to evidence. There should be no interlineations in it at all, unless specially certified by the judge, as an interlineation in a deed must be before the witness attesting it; but if interlined at all, certainly it should be done so as to be read. Bills of exceptions must be plainly written without interlining, or hereafter counsel must suffer the consequences.

September 25, 1883.

Practice in Supreme Court. At September Term, 1883.

The bill of exceptions in this case shows that Masland *et ux.* brought a bill against Kemp *et al.*, attacking a sheriff's sale and claiming both the land and the money arising therefrom. At the October term of court, 1879, all parties not having been served, an order was taken to perfect service. At the April term, 1883, of court, the case was called for trial; the attorneys for complainants moved for a continuance, because parties had not been served. The presiding judge certified that no diligence was shown, and the motion was overruled. Complainants then struck the party not served, and proceeded against the others.

The court required complainants' counsel to elect whether they would pursue the land or the money. They elected to pursue the money. (The court certified that he did not know the reason that moved counsel to make this election without objection, but they did so.)

Evidence was then introduced, partly documentary and partly oral. This is referred to as being contained in exhibits A, B, and C. After the certificate of the judge, appeared what purported to be exhibits A, B, and C. They were not identified by the signature of the judge, and were a confused mass of parol and documentary evidence. There was much blurring and interlineation.

Certain testimony was offered by complainants, and rejected.

At the close of the complainants' case, the court dismissed the bill, in the nature of a non-suit. Complainants excepted, and assigned error in each of the rulings above stated.

H. MORGAN; W. E. SMITH, for plaintiffs in error.

D. H. POPE, for defendants.

JACKSON, Chief Justice.

1. A motion was made to dismiss this bill of exceptions

on the ground that the exhibits to it were not identified by the Judge. The law requires this identification. 61 *Ga.*, 492 ; 13 *Ib.*, 495 ; 38 *Ib.*, 689, containing 10th rule of this court. The judge's name does not appear on any exhibit, as the rule of court prescribes, and as was done in the case in the 13th, and as is laid down distinctly in the 61st, p. 494, where the exhibit follows the judge's certificate, as it does in this case. Besides, part of what purports to be exhibits is oral testimony on the stand, not interrogatories ; and which is not marked at all as an exhibit. Moreover, the executions levied, and which purport to have sold the property and brought the money which complainants sued for, and which on their face showed its distribution by the sheriff before the application for an injunction, are not marked or identified by any reference at all to them, except in a blurred and blotted interlineation over what is alluded to as exhibit B, and these papers come after exhibit C, thus cutting in two exhibit B, if ever part of it.

It is clear, therefore, that, under no possible view of the case under the law, can this writ of error be retained, if the facts be necessary to an adjudication of the questions made. On the point of the dismissal of the case, which is the main error assigned, on the pleading and evidence after the testimony was closed, the entire evidence is essential, and this point, called erroneously a non-suit, as at law, in the bill of exceptions, could not possibly be reviewed without all the evidence.

2. But it is said that the motion to continue, on the ground that parties had not been served, was good and could be heard without testimony *aliunde*. It will be seen, however, in a moment that it could not be. Suppose that the judge held that the party's *laches* in not having the other parties served caused the ruling, the testimony as to that *laches* would be necessary to adjudicate the propriety of the refusal of the motion.

Besides, the record shows that one of the parties alleged

not to have been served, the clerk who acted as administrator of McGuire's estate, made answer to the bill, and appearance and answer waive service; and the record also shows that the only other party alleged not to have been served, Mrs. Elizabeth McGuire, was not made a party by subpœna at all until the term of trial, by amendment, and that to go upon property in her possession and not for money, for which complainants elected to go on the trial. As to that issue she was not a necessary party, and when that election was made, the bill was dismissed as to her. So that, even if the motion to continue could have been heard without the evidence as to *laches*, it could not have been granted, and would have availed nothing in this court.

3. It was insisted, however, that the exception to the court's ruling on the point to elect whether complainants would go for money or property could be heard without evidence. That point is that the judge forced the election, and erred in so doing. Whether he erred or not in so doing, would depend on the case made, not only by the pleadings, but by the proof—the whole case as made; therefore, to adjudicate that, the evidence is necessary. Besides, the judge, in amending the bill of exceptions, says : " I don't know the reasons that moved plaintiffs to make this election without objection; only know they did so," thereby not verifying the bill of exceptions on this ground of error.

4. The others are exceptions to the introduction of testimony or ruling out the same. To decide whether right or wrong, the other testimony is absolutely necessary. The same evidence may have been in, and the party not hurt, or on a view of all that was in, something may have appeared in other evidence that made that offered admissible or not.

5. In view of the whole case, we are clear that it should be dismissed. A demurrer to a bill, or plea, or something of that sort, may be heard without the evidence in the

case; because the record presents the whole case on the point, and there can be no *aliunde* facts to be considered. In all other cases, the evidence must be incorporated in the bill of exceptions or exhibited thereto. If that exhibit be before the judge's certificate, which is the writ of error, it is embraced within that certificate; if exhibits come after the certificate of the judge, each must be identified according to rule 10 of the Supreme Court, to be found in 38th *Ga.*, 689, and the decision thereon in 61 *Ga.*, 492.

6. Even if reference to the exhibits as A, B, C, D, etc., would suffice, if made in the body of the bill of exceptions and in the judge's certificate, all allusion to the exhibits in this bill is so blurred and blotted, besides obscurely interlined, that it is extremely difficult and uncertain, if not impossible, to make out the meaning of the reference. A bill of exceptions with the certificate is the writ of error, and must be certain, and certain especially as to evidence. There should be no interlineations in it at all, unless specifically certified by the judge, as an interlineation in a deed must be before the witness attesting it; but if interlined at all, certainly it should be done so as to be read. Counsel prepare the bill of exceptions themselves; the clerk of court has nothing to do with them; and these bills of exception must be plainly written without interlining, or hereafter counsel must suffer the consequences.

Writ of error dismissed.