ASKEW v. HOGANSVILLE COTTON-OIL COMPANY.

126　807
Case 1
f128　54

FISH, C. J.　1. Affidavits, documents, and records introduced in evidence, but not incorporated in an approved brief of evidence so as to become a part of the record, can not be properly specified as parts of the record, so as to authorize transcripts thereof to be transmitted to this court. *Hancock* v. *McNatt*, 116 *Ga.* 297; *Sayer* v. *Brown*, 119 *Ga.* 539.

2. Affidavits, documents, and records submitted in evidence on the hearing should be incorporated in the bill of exceptions to review a refusal of an interlocutory injunction, or be attached thereto as exhibits, duly and properly identified, or be embodied in an approved brief of evidence and brought up as part of the record. Where none of these methods is adopted, but copies of such affidavits and documents are sent up as parts of the record, for the reason that the originals have marked thereon the word "Identified," followed by the signature of the trial judge, such affidavits and documents have not been brought to this court in the manner prescribed by law, and therefore they can not be considered. *Eubank* v. *Eastman*, 120 *Ga.* 1048; *Roberts* v. *Heinsohn*, 123 *Ga.* 685.

3. Applying the rules above announced to the present case, wherein the only question made by the assignment of error necessarily involves a consideration of the evidence, no adjudication therein can be had, and the writ of error must, therefore, be dismissed.

*Writ of error dismissed. All the Justices concur.*

Argued November 6,—Decided November 16, 1906.

Motion to dismiss the writ of error.

*H. A. Hall, Isaac Jackson,* and *S. R. Atkinson,* for plaintiffs.

*Evins & Spence,* for defendant.