## EDMONDSON v. EDMONDSON.

ATKINSON, J. 1. A petition by a wife as next friend of her minor children, against her husband, praying for permanent alimony and for an injunction to restrain the husband from alienating his property, was presented to the judge in vacation. An order was passed directing that the petition be filed and process issued, and a restraining order was granted and the case set for a hearing at a named day in vacation. Subsequently, and before the day for the hearing arrived, the petition was filed and the defendant was served with a copy of the petition, the order, and process. *Held,* that the judge had jurisdiction in vaca-

tion, on the day named, to hear not only the application for injunction, but the application for temporary alimony, notwithstanding such day arrived before the term of the court to which the case was returnable.

2. When an application for alimony is made by the wife in behalf of herself and minor children, and at the hearing the wife abandons the application, but is not dismissed from the case as a party, the fact that she remains a party will not prevent the judge from granting alimony exclusively to the children. This was in effect the exercise of discretion on his part in favor of the children's right to alimony, and the refusal of alimony to the wife for the reason that she abandoned her claim to the same. See, in this connection, *Rochester* v. *Rochester*, 124 *Ga.* 993.

3. When, in an application for temporary alimony and injunction, the evidence is not embodied in an approved brief of evidence and filed as a part of the record, nor contained in the bill of exceptions, nor attached thereto properly identified as a part thereof by the judge's signature, the Supreme Court can not consider any question made by an assignment of error the decision of which is dependent upon the evidence. *Askew* v. *Hogansville Cotton-Oil Co.*, 126 *Ga.* 807, and cit. Judgment affirmed. *Fish, C. J., absent. The other Justices concur.*

Argued March 4,—Decided April 10, 1907.

Alimony, etc. Before Judge Brand. Walton superior court. January 9, 1907.

*Nowell & Roberts,* for plaintiff in error. *W. O. Dean,* contra.