## ROBERTS *v.* CITY OF CAIRO.

1. Where exception is taken to the refusal to grant an interlocutory injunction, affidavits used on the hearing of the application must be brought up in the bill of exceptions; or be attached as exhibits to the bill of exceptions and duly identified by the presiding judge; or be included in a brief of the evidence approved and made a part of the record, and thus brought to this court.
2. Where a bill of exceptions stated that certain affidavits were introduced in evidence by the plaintiff, naming the affiants, and that they were attached to the bill of exceptions as exhibits, marked with certain letters of the alphabet, and after the certificate of the presiding judge appeared what purported to be copies of certain affidavits, but they were not identified by any signature of the judge, and the plaintiff sought to bring up other affidavits introduced by the defendant by reference to them in the bill of exceptions and including therein a direction that the clerk send them to this court as parts of the record, of which they were not properly a part, this was not a correct mode of bringing the evidence to this court.
3. Although the defendant in error, under the act of 1905 (Acts 1905, p. 84), obtained a supplementary certificate bringing up evidence on its behalf as having been inadvertently omitted from the bill of exceptions, this did not obviate the fact that the bill of exceptions showed on its face that all the evidence material to a clear understanding of the errors complained of was not properly before this court.
4. Where a bill of exceptions shows on its face that the evidence material to a consideration of the errors complained of is not lawfully before this court in such manner that it can be considered, and the only questions made by the assignments of error necessarily involve a consideration of the evidence, this court can not adjudicate that any error was committed or that there should be any judgment of reversal.

Submitted July 13,—Decided December 24, 1909.

Petition for injunction.　Before Judge Park.　Grady superior court.　May 3, 1909.

*Theodore Titus,* for plaintiff.　*R. C. Bell,* for defendant.

LUMPKIN, J.　J. W. Roberts filed an equitable petition against the City of Cairo and its mayor and board of aldermen, seeking to have an ordinance alleged to have been enacted by the municipal authorities declared unconstitutional and void; and to obtain an injunction against the mayor and aldermen, restraining them from enforcing the ordinance and from closing the plaintiff's place of business.　He alleged, that he was a disabled Confederate soldier, and received from the ordinary a certificate of his right as such to peddle or conduct business in any county or municipality in this State without procuring a license or being subject to any tax therefor, provided that he should not peddle or deal in ardent or intoxicating drinks; that he had paid to the ordinary $200 as a license tax, and had procured a license to sell near-beer in Cairo; that the municipal authorities had enacted an ordinance requiring a license to be issued to persons selling near-beer, and had imposed very onerous conditions and restrictions, which he claimed were unconstitutional, and rendered the ordinance void; that he has been unable to comply with the conditions of the ordinance, and that the City of Cairo "proceeded under said ordinance by threats of criminal prosecution, and otherwise compelled your petitioner to close his place of business, and same has remained closed ever since, to his damage and injury in the sum of $500;" that the ordinance was not a bona fide attempt to adopt reasonable police regulations, but was intended to be a means of prohibiting the business in the city, by prescribing unreasonable and arbitrary conditions; that the city refused to permit him to open up and conduct his business; and that it will become a total loss to him.　On the hearing the injunction was denied, and plaintiff excepted.

The bill of exceptions recited that the plaintiff introduced in evidence a certificate or order issued by the ordinary of Grady county to the plaintiff, which was copied; that the special license for sale of near-beer, issued by the ordinary to the plaintiff, was introduced, which was also copied; that the affidavits of several persons named, "copies of which are hereto attached, and made part of this bill of exceptions," as exhibits A, B, etc., were introduced; that the defendant introduced "the following affidavits as evidence,

which affidavits were duly identified by the trial judge over his signature, and made a part of the record, to wit, affidavit of H. G. Cannon," and other named affiants. It was then recited that the injunction was denied, and the plaintiff excepted and assigned error on certain specified grounds. In specifying the parts of the record to be sent up by the clerk, one item mentioned was, "The affidavits of the defendant as identified by the judge and specified herein." After the signature of counsel followed the certificate of the presiding judge, in which it was stated that the bill of exceptions "contains all of the evidence and specifies all of the record and evidence material to a clear understanding of the errors complained of," etc. Then followed an acknowledgment of service by counsel for the City of Cairo. After this came copies of certain affidavits marked respectively exhibits A, B, C, D, E, and F. The names of the affiants corresponded with those mentioned in the bill of exceptions, except that in two or three cases the initials were not identical. Thus in the bill of exceptions exhibit B is stated to be "Affidavit of A. H. Parish." The copy affidavit attached to the bill of exceptions and marked exhibit B is that of E. A. Parrish. In the bill of exceptions exhibit E is stated to be "Affidavit of D. H. McManeus." The copy affidavit attached as exhibit E is that of B. H. McManeus. After the exhibits followed the usual certificate of the clerk to the bill of exceptions. None of the evidence introduced on behalf of the defendant was included in the bill of exceptions. Under the act of 1905 (Acts 1905, p. 84) counsel for defendants in error obtained from the judge a certificate and order bringing to this court the affidavits introduced by them, and omitted from the bill of exceptions.

In *Colquitt* v. *Solomon*, 61 *Ga.* 492, 494, Bleckley, J., said: "Whatever precedes the judge's certificate, though called an exhibit, is a part of the bill of exceptions, and may be verified by the certificate alone. 48 *Ga.* 566; 58 *Ga.* 346. What follows the certificate as an exhibit is an exhibit proper, and must be identified, as indicated by the tenth rule of this court (38 *Ga.* 689), by the judge's signature upon the same. Such identification, strictly speaking, was requisite, even before the rule called for it in express terms. 13 *Ga.* 495." In *Morgan* v. *Twitty*, 64 *Ga.* 426, it was held, that affidavits used on the hearing of an application for injunction constitute no part of the record, and that to bring them to

this court, they should be incorporated in the bill of exceptions and followed by the judge's certificate, or attached as exhibits and identified as the affidavits used on the hearing by the judge's signature on each. These rulings have been followed again and again.. See *Woolbright* v. *Wall,* 60 *Ga.* 595; *Hancock* v. *Perkins,* 68 *Ga.* 830; *Masland* v. *Kemp,* 70 *Ga.* 786, and other similar cases. Since the act of 1889 (Civil Code, §§ 5528, 5529), when there is no motion for a new trial, the plaintiff in error may have a brief of so much of the evidence as is necessary to a clear understanding of the errors complained of approved by the judge and made a part of the record and sent up by the clerk as such, instead of incorporating it in the bill of exceptions, if he so elects. If he does not, it must be brought up in the bill of exceptions or exhibited thereto and duly verified. In this case there was no approved brief of evidence. In *Askew* v. *Hogansville Cotton-Oil Co.,* 126 *Ga.* 807 (55 S. E. 921), it was said: "Affidavits, documents, and records submitted in evidence on the hearing should be incorporated in the bill of exceptions to review a refusal of an interlocutory injunction, or be attached thereto as exhibits, duly and properly identified, or be embodied in the approved brief of evidence and brought up as part of the record." See also *Smith* v. *Zachry,* 128 *Ga.* 290 (57 S. E. 513); *Anderson* v. *Anderson,* 124 *Ga.* 147 (52 S. E. 161); *Eubank* v. *Mayor and Council of Eastman,* 120 *Ga.* 1048 (48 S. E. 426). In *Cohen* v. *Meyers, Cohen & Co.,* 42 *Ga.* 46, a motion to dismiss a bill of exceptions filed to the overruling of a motion to discharge a receiver was denied. Some of the affidavits were attached as exhibits to the bill of exceptions, and some were attached to the original bill. The ruling as to the sufficiency of identification of the affidavits in that case was not in accord with previous or subsequent decisions, as was shown in *Glover* v. *Slate,* 128 *Ga.* 1, 4 (57 S. E. 101). Moreover, the act of 1889, already referred to, points out a different practice.

The affidavits in the present case which were attached to the bill of exceptions were not identified by the signature of the judge, and also did not correspond entirely to the description of them in the bill of exceptions. Plainly the evidence was not properly brought up. As to the evidence of the defendant in error, this may have been corrected by the supplemental certificate of the judge. As to that introduced by the plaintiff in error, the bill of exceptions states

that certain pieces of evidence were introduced, and shows plainly that other evidence, which was material, was also introduced, but was not brought to this court in such manner as that it can be considered. Under repeated rulings of this court, this prevents a consideration of any question for the determination of which the evidence introduced in the court below is necessary. We can not take a single piece of evidence which is stated in the bill of exceptions to have been introduced, and consider this without regard to the other evidence. As to questions involving a consideration of the evidence, it is necessary to have all the material evidence. Any other ruling would work an obvious hardship and injustice. Suppose a suit involved a question of liability on a promissory note, and whether or not it had been paid. After losing his case, if the plaintiff could bring it here for review, set out as evidence only the note, show on the face of the bill of exceptions that other material evidence was introduced, but ask this court to reverse the judgment on questions of fact in its absence, it is plain that we would be passing on a case different from that which was before the court below, and passing not upon the whole case but upon a partial presentation of the evidence. The statute requires that all of the evidence material for the consideration of the errors complained of —not merely some of it—shall be brought up in the manner pointed out in it. This has not been done, as appears on the face of the bill of exceptions. Under the facts of this case, none of the evidence can be considered, and no ruling which involves such consideration can be reviewed or reversed.

If a consideration of the evidence is necessary to a decision of all the questions raised, and it is not brought up properly, there can be no reversal. If there are questions as to the propriety of the judgment, which can be determined without the evidence, they may be considered. Thus a petition may be so wholly devoid of merit that on its face it would not authorize an injunction, regardless of the evidence; and this may work a reversal where an injunction has been granted. Or a respondent may rely on a demurrer alone as cause shown against the grant of an injunction; or an answer may admit facts requiring the grant; or there may be other instances where there can be a decision without the evidence. But is this such a case? The plaintiff sought an injunction, which was denied. To establish the contention that this was error, he carried the bur-

den of showing that he had such a license as authorized him to conduct the business of selling "near-beer" in Cairo, that the municipal authorities had enacted and would enforce against him a certain ordinance, and that such ordinance was unlawful and its enforcement would work irreparable injury to him. We omit any question as to enjoining a criminal prosecution. Unless he showed that he had such a status as authorized him to sell "near-beer," his case failed in limine, and it would be immaterial as to him whether the ordinance was valid or not. As to this he alleged that he was a disabled soldier and had obtained a certificate from the ordinary, and had also paid $200 and obtained a State license to sell "near-beer." The answer, for want of information on the part of the defendant, neither admitted nor denied that plaintiff was a Confederate soldier, or that he had obtained a certificate or license. It denied that he was disabled. Without a consideration of the evidence, how can it be determined that the plaintiff is a disabled soldier, or had a certificate as such, or a license to sell "near-beer"? The petition also alleged that the municipal authorities had enacted a certain ordinance, a copy of which it stated was attached as an exhibit, and which was attacked on various grounds, one of them being unreasonableness. The answer admitted the allegations of this paragraph of the petition, except that it asserted that the alleged copy of the ordinance was incorrect, in that a certain clause contained in the copy was not in the ordinance as passed. This clause was very material on the question of the reasonableness of the ordinance. It is not recited in the bill of exceptions that the ordinance was introduced in evidence at all. Shall we consider it as plaintiff says it is, or as defendant says it is? What was the ordinance actually passed? Lastly, the plaintiff alleged that he made an effort to comply with the ordinance, but was unable to do so; and that thereupon the city threatened him with criminal prosecution under the ordinance, "and otherwise compelled your petitioner to close his place of business, and same has remained closed ever since." The answer denied that the plaintiff endeavored to comply with the ordinance, or that the city had threatened him with criminal prosecution, or had compelled him to close his place of business, except by the act of passing the ordinance. It admitted that it made known to the public that it intended to enforce the ordinance passed by it, but denied any threat or coercion, and stated that upon the

passage of the ordinance the plaintiff voluntarily closed his business, though he threatened to reopen it. His allegation of damage was also denied. Thus at important points of the case questions of fact arose; and the refusal of an injunction could not be determined to have been erroneous, in the absence of the evidence being properly brought up. In such a case the practice has not always been uniform, as to whether the writ of error should be dismissed, or whether the judgment should stand affirmed. On the one side it is suggested, that, as this court can not consider the evidence unless it is properly brought up, and as no question is presented which can be determined in the absence of the evidence, the case should be dismissed. On the other side it is said, that, when a plaintiff in error seeks to obtain a reversal of the judgment of the court below, it is incumbent on him to make it appear to this court that error has been committed. If no question presented can be determined in the absence of the evidence, and it is not properly brought up to this court, the plaintiff in error has failed to show error, and an affirmance results. All the authorities agree that there can be no reversal in such a case. For cases in which the writ of error has been dismissed, see *Woolbright* v. *Wall,* supra; *Colquitt* v. *Solomon,* supra; *Masland* v. *Kemp,* supra; *Askew* v. *Hogansville Cotton-Oil Co.,* supra; *Harman* v. *Stange,* 62 *Ga.* 167. For cases in which the judgment has been affirmed, see *Chism* v. *Varnedoe,* 96 *Ga.* 777 (22 S. E. 334); *Price* v. *High & Co.,* 108 *Ga.* 145 (33 S. E. 956); *Ansley* v. *Davidson & Co.,* 110 *Ga.* 279 (34 S. E. 611); *McLeod* v. *Florida Central & Pen. R. Co.,* 111 *Ga.* 859 (36 S. E. 965); *Culver* v. *Silver,* 113 *Ga.* 1142 (39 S. E. 472); *Fleming* v. *Roberts,* 114 *Ga.* 634 (40 S. E. 792); *Price* v. *Price,* 122 *Ga.* 321 (50 S. E. 91). Most of the cases last cited came to this court on exception to overruling a motion for new trial, granting a nonsuit, directing a verdict, or like rulings, and not on exception to the grant or refusal of an injunction; but there would seem not to be any ground for difference in the form of the judgment to be entered in the one case or the other. To the plaintiff in error it makes no substantial difference whether the judgment entered is one of affirmance or one of dismissal, inasmuch as dismissing the case by operation of law affirms the judgment of the trial court. It is merely a question of technical practice in the form of the judgment to be entered by this court. In the case before us the presiding judge refused an injunction.

We have held that, on the record and bill of exceptions as brought up, we can not lawfully determine the questions sought to be presented by the assignments of error. Certainly we can not hold that the judge committed error. No motion to dismiss was made; but that does not cure the patent difficulty which has already been pointed out. Under the circumstances we deem it best that the judgment entered be one of affirmance.

*Judgment affirmed. All the Justices concur.*