BLACKMAN *et al.* v. GARRETT *et al.,* trustees, *et al.*

FISH, C. J. Where a bill of exceptions complains of the refusal of an interlocutory injunction, and it appears therefrom that certain documentary and vital evidence was introduced upon the hearing, and such

evidence is neither incorporated in the bill nor referred to therein and attached thereto as an exhibit properly authenticated, and no brief of the evidence has been approved and filed so as to become a part of the record, but such documentary evidence is merely specified by the excepting party as a part of the record to be sent up to this court by the clerk of the trial court, the judgment will be affirmed, as without such evidence this court can not determine the question whether· the judge erred in refusing the injunction; and the same, not being a part of the record in the case, can not be specified and sent up to this court as such. *Askew* v. *Hogansville Cotton Oil Co.,* 126 *Ga.* 807 (55 S. E. 921) ; *Edmondson* v. *Edmondson,* 128 *Ga.* 53 (57 S. E. 308) ; *Roberts* v. *City of Cairo,* 133 *Ga.* 642 (66 S. E. 938), and cases cited.

*Judgment affirmed. All the Justices concur.*

OCTOBER 11, 1910.

Petition for injunction. Before Judge Edwards. Haralson superior court. December 11, 1909.

*M. J. Head,* for plaintiffs.

*Griffith & Matthews,* for defendants.