## STREETMAN *et al. v.* BOARD OF EDUCATION OF MADISON COUNTY *et al.*

This court can not determine that error was committed in refusing an injunction on interlocutory hearing, where the evidence material to a consideration of the questions for decision is not lawfully presented in such manner that it can be considered.

No. 5655.   JANUARY 13, 1927.

Petition for injunction. Before Judge Hodges. Madison superior court. September 6, 1926.

*W. D. Martin,* for plaintiffs. *Berry T. Moseley,* for defendants.

BECK, P. J. The bill of exceptions in this case is taken to the refusal to grant an interlocutory injunction. Numerous affidavits submitted by the petitioners and by the defendant were introduced in evidence at the hearing. In such a case the affidavits used on the hearing of the application "must be brought up in the bill of exceptions; or be attached as exhibits to the bill of exceptions and

---

Appeal and Error, 4 C. J. p. 414, n. 69; p. 527, n. 28, 29.

duly identified by the presiding judge; or be included in a brief of the evidence approved and made a part of the record, and thus brought to this court." That rule was not complied with in this case. On page 3 of the bill of exceptions, and immediately preceding the certificate to the bill of exceptions, is the following entry signed by the trial judge:

"Identification of Exhibits by Judge. The foregoing exhibits from A to N, contained on pages 5 to 26 inclusive, is hereby identified as all the affidavits and petition and answer used as evidence by both sides, the plaintiffs and defendants in this case. This the 15th day of Sept., 1926. [Signed] W. L. Hodges, Judge S. C. N. C." After the certificate there are numerous affidavits marked exhibits "A," "B," "C," etc., covering pages five to twenty-five, inclusive, of the record, but they are not identified by the judge's certificate, nor in any other way identified. Besides this, as appears from the bill of exceptions, there was a large number of affidavits introduced by the defendant. These are not identified in any way, and were manifestly not referred to in the certificate set forth above which was signed by the judge. Consequently the evidence material to a consideration of the errors complained of is not lawfully before this court in such manner that it can be considered. And inasmuch as the determination of the question as to whether the court below erred in refusing the injunction can be determined only after consideration of the evidence, this court can not adjudicate that any error was committed, or that there should be any judgment of reversal. *Roberts* v. *City of Cairo,* 133 *Ga.* 642 (66 S. E. 938); *Rushing* v. *DeLoach,* 149 *Ga.* 483 (100 S. E. 571); *Caldwell* v. *Sturdivant,* 155 *Ga.* 590 (118 S. E. 39), and the numerous cases there cited.

*Judgment affirmed. All the Justices concur.*