## COPELAND *v.* COPELAND.

Where what purports to be a brief of the evidence, attached to the bill of exceptions, does not appear to have been approved by the trial judge and ordered filed as part of the record, and is not identified by the judge's signature, it can not be considered; and if the questions raised by the assignments of error require a consideration of the evidence before the judge, his judgment must be affirmed.

No. 6419. APRIL 16, 1928.

Attachment for contempt. Before Judge Maddox. Floyd superior court. November 3, 1927.

*Henry Walker,* for plaintiff. *Porter & Mebane,* for defendant.

HINES, J. Oscar Copeland was cited for contempt of court for not paying to his former wife, Ethel Copeland, temporary and permanent alimony which had been awarded to her in a divorce case between them. He made no written answer to the rule nisi, and the case was heard without such response. Evidence was introduced by both parties. The court discharged the rule, upon the ground that the defendant was not in contempt, as he had "no money, property, or earning capacity whatever." The evidence introduced on the hearing is not set out in the bill of exceptions, which recites that "Movant annexes hereto and a part of this bill of exceptions a brief of the oral evidence submitted on the hearing of said rule. No documentary evidence was offered." Following the certificate to the bill of exceptions is what purports to be a brief of the oral evidence. This brief was not approved and ordered filed as a part of the record in the case, nor was it identified by the signature of the judge. Where the bill of exceptions shows on its face that the evidence material to a consideration of the errors assigned is not before this court in such a manner that it can be considered, and the questions raised by the assignments of error necessarily involve a consideration of the evidence, this court can not adjudicate that any error was committed, or that there should be a judgment of reversal. *Waldrip* v. *Slagle,* 161 *Ga.* 464 (131 S. E. 53).

*Judgment affirmed. All the Justices concur.*