## FOX *v.* FOX *et al.*

No. 8078. MAY 13, 1931. REHEARING DENIED JUNE 12, 1931.

*C. W. Anderson,* for plaintiff. *V. H. Gaddis,* for defendants.

HINES, J. Mrs. Thornton Fox, on November 2, 1929, filed a libel for divorce against her husband, F. G. Fox, based upon his wilful and continued desertion of her for a period of more than three years prior to the institution of her libel. Petitioner and defendant have one child, Jeanne Fox, of the age of six years, who is in the custody of the mother. The libel for divorce alleged that all questions of alimony, attorney's fees, and the custody of the child had been settled by an agreement between the parties. The prayer was for a total divorce. By an amendment to her libel the wife set up that she had had in her custody their child, with the consent of the defendant, at all times prior to the institution of her libel, and still had the custody, and that the defendant had

failed and neglected to provide for the support for the past ten months. In this amendment she alleged that her husband had made pretended transfers of his property, including the conveyance of a described piece of real estate in Fulton County, to his father, which were made with the purpose of placing his property in such shape that petitioner and her child might be defeated in obtaining adequate support from him, and for the purpose of defeating his creditors. She alleges that while the transfer of said real estate purports to be for a valuable consideration, no consideration whatever passed from the father to the defendant for such conveyance, and the same is a mere pretence and a part of a scheme to defeat the support of petitioner and her child. She prays that the father be made a party to the case, that a receiver be appointed to take charge of this realty, collect the rents therefrom, that the title to the same be decreed in the husband, subject to the payment of the interest on a loan of $3,500 which was placed on the property by the husband, or that it be sold subject to such loan, and the proceeds arising from the sale be applied to the support of petitioner and her child, and to the payment of counsel fees incurred by her in bringing this proceeding, that the deed from the husband to the father be canceled, and that the husband and his father be enjoined from changing the status of the title to this property and from encumbering the same. The father demurred to the petition as amended, upon the grounds that it failed to set out a cause of action against him, and failed to set out sufficient facts entitling the plaintiff to any equitable relief against him. He answered, alleging that his son had conveyed this real estate to him by warranty deed on November 16, 1927, for a valuable consideration, the conveyance being made subject to the above loan, which bore interest at 7 per cent. per annum, payable semi-annually, and the principal of which fell due on February 2, 1930; that at the time he purchased this property from his son, he and the plaintiff were living together, and no suit for divorce or alimony was pending between them. He denied that the son had any interest in this property and that the same was being held by him for the benefit of his son. He further set up that he had paid the taxes, the insurance on this property, the interest on the above loan, and that when the loan matured he paid the same off by placing a new loan thereon.

On the hearing of the application for receiver and injunction the plaintiff introduced in evidence her own affidavit and various documents, including certified copies of tax returns, deeds, tax receipts, insurance certificate, title report, notes, and the agreement between the husband and wife settling alimony. The defendant introduced in his behalf an affidavit of one Grizzard, his own affidavit, and various receipts for the payments of money. All of said affidavits and documentary evidence are attached as exhibits to the bill of exceptions, following the certificate of the judge thereto. They are not identified otherwise than by a statement in the preceding certificate of the judge to the bill of exceptions, in which the statement is made that the judge thereby identifies the said documentary evidence set out as exhibits and attached to the bill of exceptions. They are not set out in the bill of exceptions, nor in a brief of the evidence approved by the trial judge and made a part of the record. The judge did not pass upon the demurrer to the petition as amended. He refused to appoint a receiver and grant an injunction as prayed by the wife. The only exception to this judgment is that it is "contrary to law and equity."

The bill of exceptions recites that the evidence introduced before the trial judge upon the hearing of the application for a receivership and injunction is set out in affidavits and various documents which are attached as exhibits to the bill of exceptions and which follow the certificate thereto. These exhibits are not identified by the signature of the trial judge, nor are they embraced in the bill of exceptions, nor are they identified otherwise than by the recital in the bill of exceptions that the trial judge thereby identifies the documentary evidence set out as exhibits to the bill of exceptions. Such identification does not bring before this court the evidence material to a consideration of the error assigned, in such a manner that it can be considered; and as the assignment of error necessarily involves a consideration of the evidence, this court can not adjudicate that any error was committed, or that there should be a judgment of reversal. *Waldrip* v. *Slagle,* 161 *Ga.* 464 (131 S. E. 53) ; *Copeland* v. *Copeland,* 166 *Ga.* 277 (142 S. E. 870).

*Judgment affirmed. All the Justices concur.*