*Thomas E. McLemore* and *Joe F. Watkins,* for defendant.

VOYLES *v.* FEDERAL LAND BANK OF COLUMBIA.

No. 8586. DECEMBER 16, 1931.

*Strickland & Gillen,* for plaintiff.

*Cooley & Cooley,* for defendant.

RUSSELL, C. J. The bill of exceptions in this case complains that the trial judge, "after hearing the evidence in the above-stated case, entered the following order to wit: 'At Chambers, Commerce, Georgia, June 27th, 1931. This case was heard at time and place fixed by the order of the court, and decision reserved. Upon considering the evidence in the case and the law, the restraining order heretofore granted by the court is vacated, and an injunction refused.'" No brief of evidence is incorporated in the bill of exceptions, or referred to therein, and the transcript of the record certified by the clerk of the trial court contains only the petition, the

answer, and the order of the judge quoted above. The sole assignment of error, that the refusal of the injunction prayed for was error because contrary to law, is such as can not be adjudicated without a review of the evidence introduced on the hearing; and this evidence not having been brought to this court, nor any effort made to so do by the plaintiff, the judgment of the trial judge must be affirmed, as without such evidence this court can not determine whether the judge erred in rendering the decision complained of. A timely motion was made by the defendant in error to dismiss the writ of error, on the ground that "Plaintiff in error fails to incorporate in the bill of exceptions a brief of the evidence submitted at the hearing of the case, introduced by plaintiff and defendant; neither does counsel for plaintiff in error attach as an exhibit a brief of the evidence agreed on by counsel and approved by the court in his bill of exceptions. That the evidence submitted on the trial by defendant and plaintiff is absolutely necessary for the court to have a clear understanding of the errors complained about in the bill of exceptions."

It is plain in this case that there entered into the exercise of his discretion by the judge the evidence which was submitted to his consideration. The language of the order is, "Upon considering the evidence in the case and the law, . . an injunction refused." In this instance, as in every case, in every legal investigation and trial, the appropriate application of the law depends upon the facts as disclosed by the evidence. Where no evidence is transmitted to this court, it must generally be assumed that the law applied by the lower court was applicable to the evidence, and the judgment of the trial court must be affirmed. In *Fleming* v. *Roberts,* 114 *Ga.* 634 (40 S. E. 792), it was held that though it does not appear, either from the transcript of the record or by a recital in the bill of exceptions, that a brief of the evidence had been approved by the court or had been agreed upon by counsel, this court will not dismiss the bill of exceptions; but it can not pass upon the sole assignment of error in this case, which depends for its determination upon the evidence, and the judgment of the trial judge will be affirmed. See also *Stansell* v. *Merchants & Farmers Bank,* 123 *Ga.* 278 (51 S. E. 321); *Town of Fairburn* v. *Edmondson,* 160 *Ga.* 792 (129 S. E. 108), and cit.; *Copeland* v. *Copeland,* 166 *Ga.* 277 (142 S. E. 870).

846

In *Blackman* v. *Garrett*, 135 *Ga.* 226 (69 S. E. 110), Chief Justice Fish, speaking for the court, said: "Where a bill of exceptions complains of the refusal of an interlocutory injunction, and it appears therefrom that certain documentary and vital evidence was introduced upon the hearing, and such evidence is neither incorporated in the bill nor referred to therein and attached thereto as an exhibit properly authenticated, and no brief of the evidence has been approved and filed so as to become a part of the record to be sent up to this court by the clerk of the trial court, but such documentary evidence is merely specified by the excepting party as a part of the record to be sent up to this court by the clerk of the trial court, the judgment will be affirmed, as without such evidence this court can not determine the question whether the judge erred in refusing the injunction; and the same, not being a part of the record in the case, can not be specified and sent up to this court as such. *Askew* v. *Hogansville Cotton Oil Co.*, 126 *Ga.* 807 (55 S. E. 921); *Edmondson* v. *Edmondson*, 128 *Ga.* 53 (57 S. E. 308); *Roberts* v. *City of Cairo*, 133 *Ga.* 642 (66 S. E. 338), and cases cited." *Judgment affirmed. All the Justices concur.*