## SMITH *v.* THE STATE OF GEORGIA.

CANDLER, Justice. Wilson Smith was indicted, tried, and convicted in the Superior Court of DeKalb County of the offense of receiving stolen goods, to wit, an automobile, and sentenced to serve from one to two years in the penitentiary. He made a motion for new trial, and immediately thereafter presented an application to the judge for discharge on bail, pending a determination of his motion. After a hearing his application was denied. A petition for the writ of habeas corpus was then filed, in which it was alleged that he was illegally restrained of his liberty by the Sheriff of DeKalb County, because the court, in denying bail, had abused its discretion. After a hearing upon the petition for habeas corpus the court denied the prayers of the petition and remanded the plaintiff in error into the custody of the sheriff. To this order and judgment he excepted. *Held:*

The granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the court below, and this court will not control that discretion unless it has been flagrantly abused. *Bishop* v. *Wilbanks,* 161 *Ga.* 305 (130 S. E. 819). It is contended, not that the plaintiff in error is entitled to bail as a matter of right under the Code, § 27-901, but that the court, in denying the application therefor, abused his discretion. We must, of course, determine from the evidence presented at the hearing whether or not the judge abused his discretion in refusing bail in the present case. No brief of the evidence was incorporated in the bill of exceptions, nor specified as a part of the record to be transmitted to this court. In fact, the record does not disclose that a brief of the evidence has been prepared and ap-

proved so as to become a part of the record. Therefore we have no way of knowing whether or not the judge abused his discretion in the case at bar, and in such circumstances will assume that the judgment complained of is correct and affirm it, since the burden° is on him who asserts error to show it affirmatively by the record. *Voyles* v. *Federal Land Bank of Columbia,* 173 *Ga.* 844 (162 S. E. 106); *McCollum* v. *McCollum,* 202 *Ga.* 406 (43 S. E. 2d, 663).

*Judgment affirmed. All the Justices concur.*

No. 16220. MAY 13, 1948.

*Young H. Fraser* and *Sidney Schell,* for plaintiff.
*Roy Leathers, Solicitor-General,* for defendant.