BLACKWELL *v.* FARRAR; *et vice versa.*

Nos. 17716, 17717. ARGUED JANUARY 17, 1952—DECIDED FEBRUARY 11, 1952—REHEARING DENIED MARCH 13, 1952.

*Robert W. Spears, Wm. G. Grant* and *Grant, Wiggi.., Grizzard & Smith,* for plaintiff in error.

*J. Robin Harris* and *McCurdy & Candler,* contra.

ATKINSON, Presiding Justice. The only assignments of error in the main bill of exceptions relate to admissibility of evidence, and to the refusal to grant an interlocutory injunction. The trial judge's certificate recites "that the above and foregoing bill of exceptions, including exhibit 'A' thereto attached, is true and contains all of the evidence and specifies all of the record material to a clear understanding of the errors complained of." A motion was made in the Supreme Court to dismiss the bill of exceptions, on the ground that the exhibit "A" referred to therein is not a part of the bill of exceptions because it does not precede the judge's certificate but follows it, and it is not identified by the judge. Where no motion for a new trial is filed the evidence may follow the judge's certificate as an exhibit, referring to it as such in the bill of exceptions, and having the judge to place his signature to or upon the exhibit to identify it as the same to which the bill of exceptions refers. *Colquitt* v. *Solomon,* 61 *Ga.* 492; *Roberts* v. *City of Cairo,* 133 *Ga.* 642 (2) (66 S. E. 938); *Rushing* v. *DeLoach,* 149 *Ga.* 483 (3) (100 S. E. 571); *Smith* v. *Buchanan,* 182 *Ga.* 250 (185 S. E. 317); *McElveen* v. *O'Kelley,* 193 *Ga.* 824 (20 S. E. 2d, 69); *Boney* v. *Smallwood,* 204 *Ga.* 782 (51 S. E. 2d, 847); *Attaway* v. *Duncan,* 206 *Ga.* 230 (1) (56 S. E. 2d, 269). *Held:*

Where as here the judge's certificate refers to an exhibit containing the evidence which follows the certificate, but the exhibit is not identified as being the same to which the certificate refers, and no questions being presented which can be determined in the absence of the evidence, the judgment must be affirmed. In such circumstances the cross-bill of exceptions will be dismissed, since no ruling on the cross-bill could benefit the plaintiff in error therein.

*Judgment on the main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur except Candler, J., who is disqualified, and Almand, J., who dissents.*

ALMAND, Justice, dissenting. The main bill of exceptions recites that on the hearing the plaintiff and the defendant both introduced evidence, "a brief whereof is set out in

Exhibit 'A' hereto attached and made a part of this bill of exceptions," and the certificate of the trial judge recites that the bill of exceptions, "including Exhibit 'A' thereto attached, is true and contains all of the evidence" material to a clear understanding of the errors complained of; and following this certificate is Exhibit "A", which purports to be the brief of evidence.

The defendant in error in this case has not made and does not make any contention that the evidence set out in Exhibit "A" attached to the bill of exceptions is not a true and correct brief of the evidence introduced on the trial. The judgment of the trial court is affirmed on the ground that the evidence is necessary for a determination of the questions involved, and that since the evidence is contained in an exhibit attached to the bill of exceptions and such exhibit follows the judge's certificate, but does not appear to have been identified by him, such evidence can not be considered, and the judgment complained of must be affirmed.

The majority of the court base their decision on numerous decisions. These cases support the position of the majority, but all of such cases are founded on Rule 10, which was adopted by this court in 1869, and which reads as follows: "A brief of the oral and a copy of the written testimony in the case shall be incorporated in the bill of exceptions, or be attached thereto, as an exhibit, when presented to the judge for his certificate—in which latter case, it shall be identified, as true, by the signature of the judge thereupon." 38 *Ga.* 689.

In 1889, the General Assembly enacted a statute prescribing the manner of taking cases to the Supreme Court (Ga. L. 1889, p. 114), which superseded Rule 10. After the passage of this act, the rules promulgated by this court omitted therefrom this rule. 97 *Ga.* p. ix. Since 1889, there has been neither any statute nor any rule of this court which requires that an exhibit contained in a bill of exceptions should be identified as true by the signature of the trial judge thereupon. In my opinion, Code § 6-806, as amended by the act of 1946 (Ga. L. 1946, pp. 726, 732; Code, Ann. Supp., § 6-806), does not require the trial judge to verify by his signature an exhibit containing a brief of the evidence in a case, where the exhibit either appears before or follows the judge's signature, as long as the exhibit containing the evidence is specified in the bill of exceptions, and is referred to

and certified by the judge in his certificate. This Code section as amended prescribes the form of certificate of the judge to the bill of exceptions, and provides that whenever a judge shall attach his signature to a certificate, and the language of the certificate is such as to indicate the intention of the judge to verify the correctness of the recitals contained therein, his signature "shall be construed as a verification of the bill of exceptions and the *contents thereof* unless by note thereto or modification thereof over his signature the contrary affirmatively appears." (Italics mine.) In the case before us, the evidence contained in Exhibit "A" is distinctly referred to in the bill of exceptions, and the judge certifies that this bill of exceptions, "including Exhibit 'A' thereto attached," is true, and contains all of the evidence material to a clear understanding of the errors complained of. In my opinion, the brief of evidence is properly before the court, and we should decide the case on its merits.