### 21505. THOMPSON v. THOMPSON.

CANDLER, Justice. The exception here is to a judgment holding the defendant in contempt for his failure to pay past-due alimony instalments. On the hearing the defendant sought to justify his failure to make such payments solely on the ground of his financial inability to do so. In bringing the case to this court for review the plaintiff in error elected to bring up the evidence by incorporating it in the bill of exceptions, but respecting the completeness of the evidence so brought up, the bill of exceptions, which the trial judge certified to as true, contains the following positive recital: "There was other testimony relative to his ability and [his] inability to pay alimony

payments under the decree, but counsel for both parties cannot sufficiently recall the details of this testimony to include the same in this brief of his evidence and no stenographic report was made of the testimony." The burden is upon him asserting error to show it affirmatively by the record (*Smith v. State,* 203 Ga. 636, 47 SE2d 866), and this can be done in the case at bar only by a consideration of all of the testimony introduced on the hearing and since it clearly appears from a recital in the bill of exceptions that all of the evidence which the judge heard on the trial of this proceeding respecting the defendant's financial ability or his lack of such ability to comply with the requirements of the alimony judgment has not been brought to this court, we will assume that the judgment rendered by the trial judge is correct and affirm it. As authority for this ruling, see *Attaway v. Duncan,* 206 Ga. 230 (56 SE2d 269); *Bowman v. Bowman,* 203 Ga. 206 (45 SE2d 415); and *Saliba v. Saliba,* 201 Ga. 681 (40 SE2d 732), and the cases there cited.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1962—DECIDED FEBRUARY 8, 1962—
REHEARING DENIED FEBRUARY 20, 1962.

*A. J. Whitehurst,* for plaintiff in error.
*Alexander, Vann & Lilly, Roy M. Lilly,* contra.