### 444. PORTER v. TERRELL.

1. Exhibits attached to a bill of exceptions, following the certificate of the judge thereto and which are not identified by the trial judge, can not be considered by this court. Assignments of error, the determination of which is dependent upon such exhibits, therefore, can not be passed upon.
2. Proof of the relationship of husband and wife, and that work was done and material furnished to improve real estate belonging to the wife, without more, is not sufficient evidence to establish the fact that she is an undisclosed principal and the husband merely her agent, so as to render her liable for contracts made by him with third parties.

Foreclosure of lien, from city court of Douglas—Judge Roan. March 19, 1907.

Submitted June 25,—Decided July 4, 1907.

*Rogers & Heath, J. W. Quincey,* for plaintiff in error.

*F. Willis Dart,* contra.

RUSSELL, J. The plaintiff sought a general judgment against the defendant and a special judgment against certain real estate belonging to her, against which he alleged he was entitled to enforce his lien as a contractor and materialman. The petition alleged a balance to be due for material furnished and work done by him under a contract with the defendant as to certain water connections, sewerage connections, and plumbing in a certain house and on real estate alleged to have been owned by defendant in the city of Douglas. The petition averred, that the material was

furnished and work performed under a contract made with the defendant, Mrs. Alice C. Terrell, herself, and that *she* paid him on said contract the sum of $68.63, leaving the balance sued for, which she refused to pay. It was further alleged, that plaintiff was entitled to a lien "upon said real estate and the house and improvements put therein for the balance of said sum of $44.94," and that he had recorded his claim of lien as required by law and brought his action within the time prescribed. His prayers were for a general judgment against the ·defendant and a special judgment against the real estate described. The defendant filed an answer in which she denied generally the allegations as thus pleaded, and specially denied that she was indebted to the plaintiff in any manner or form; and further alleged that the plaintiff was not entitled to and had no valid lien on the premises described in his petition, and was not entitled to any judgment against her.

The testimony for the plaintiff showed, that W. W. Terrell, the husband of the defendant, alone had employed him and contracted with him to do the work and furnish the material set out in the · bill of particulars attached to his petition; that the plaintiff had . done the work and furnished the materials, and that it was all worth $113.57; and that this had been paid by the said W. W. Terrell, except $44.94, which he refused to pay, claiming that what he had paid was as much as the material and work were worth. After the plaintiff had completed his work and furnished the material therefor, and when he went to record his lien for the balance claimed by him, he discovered that the real estate in question did not belong to W. W. Terrell, but was the property of his wife, Mrs. Alice C. Terrell; and the plaintiff thereupon made out and recorded his lien against the wife. There was not the slightest suggestion even that the plaintiff had any contract, agreement, or understanding, directly or indirectly, with Mrs. Terrell in regard to the material or work in question; and the only reference made to her at all was the fact that she was present a part of the time while the work was being done and made some suggestion as to putting in an extra wash basin, coupled, however, with the injunction to see her husband about the matter first; which the plaintiff did. Such contract as the plaintiff had was solely with W. W. Terrell, the account was charged to him, and he made all of the payments thereon, as heretofore stated.

The plaintiff also offered in evidence a certified copy of the lien recorded at his instance, which was in the following language: "Georgia, Coffee County. The undersigned, C. B. Porter, a mechanic, claims a lien upon certain waterworks and sewerage erected and put in one dwelling-house and premises, owned and occupied by Mrs. Alice C. Terrell, situated on the corner of Sycamore and Madison streets in the city of Douglas. Said lien is claimed for material and plumbing work done by the undersigned in said structure and on the premises. The amount for which the undersigned claims this lien is forty-four dollars and 94 cents. And now, within three months since the same was done, the undersigned records this lien therefor in the office of the clerk of the superior court of the county where said property is situated as aforesaid, pursuant to the provisions of §2804 (2) of the Civil Code. This December 14, 1906. C. B. Porter." "Recorded December 14, 1906. Sessions Fales, Clerk Superior Court." "Clerk's office, Coffee superior court. I, J. R. Overman, clerk of the superior court of Coffee county, do hereby certify that the above and foregoing is a true copy of the original lien now of record in my office, on Mortgage Record, No. 14, page 501. This March 18, 1907. J. R. Overman, Clerk superior court, Coffee county Georgia." This certified copy was objected to upon the ground that the proper foundation had not been laid, and generally upon the ground that the evidence in the case showed a contract with W. W. Terrell, instead of with the defendant, and did not show any right of the plaintiff to connect the defendant, with the contract. The court sustained the objections and ruled that the copy lien could not be admitted as evidence. The plaintiff then closed, and, upon motion of the defendant's counsel, the court awarded a nonsuit, passing the following judgment: "Upon motion of defendant a nonsuit is hereby granted in this case, upon the ground that the plaintiff fails to show such facts as entitle him to recover in said case." The plaintiff in error excepts to the ruling of the court excluding the certified copy of lien, and to the judgment of nonsuit.

The evidence may have been sufficient to establish the loss of the original claim of lien, but it is immaterial whether this is so or not. If this paper was properly identified before us, we could not reverse the judgment of the trial judge, although he may have excluded the paper for the wrong reason. It would have been prop-

erly excluded because it failed to set forth a claim of lien on anything except the waterworks and sewerage put in the dwelling-house and premises. It did not claim a lien on the real estate as provided by the code. But even if the judge of the city court erred in excluding this paper, under the well-settled rulings of the Supreme Court, we can not ourselves consider the paper, by reason of the fact that it is neither included in the bill of exceptions nor identified by the trial judge, and does not precede his certificate. For want of this identification we can not lawfully know the contents of the paper excluded by the trial court, so as to be able to determine whether the ruling was in fact erroneous. Whether this paper be defective or not, without it a special judgment could not be rendered, and no special lien could be created.

We come next to consider whether there was error in awarding the nonsuit for the reason that the plaintiff was entitled to a general judgment. We do not think the court erred in adjudging a nonsuit. The evidence did not establish the fact that the defendant was an undisclosed principal and that the husband was her agent. There is in the evidence no suggestion that the plaintiff had any contract, agreement, or understanding with Mrs. Terrell in regard to the material or work in question. The only reference made to her in the evidence is the statement that she was present part of the time while the work was being done, and made a suggestion as to putting in a certain wash basin, coupled, however, with the injunction to see her husband about the matter first; which the plaintiff did. There was no stipulated price to be paid for the work to be done, and no evidence that the defendant authorized it to be done. Nor does any reason appear from the evidence why the plaintiff would not have done the work for the husband. Such contract as plaintiff had was with W. W. Terrell only, the account was charged to him, and he made all the payments thereon. There was no escape from a nonsuit; because the plaintiff alleged contractual relations with the defendant, and there was no testimony tending to support this allegation. "A materialman's lien does not arise against the real estate of the true owner unless the material is furnished directly to the true owner or 'to one who occupied the legal relation of a contractor, or one who had some contractual relation with the true owner in connection with the improvements to be made.'" *Pittsburgh Glass Co.* v. *Peters Land Co.*

123 *Ga.* 726, 51 S. E. 725; *Jennings* v. *Huggins*, 125 *Ga.* 340, 54 S. E. 169. The title of the true owner can not be incumbered by a lien without some act on his part signifying his assent. Re-. pairs or additions might be made at the direction of a disseisor, trespasser, or tenant, and "might even be improvements and add to the value of the property, and yet might not be of a character which the owner desired placed on his land. If the real estate could be subjected to a lien under such circumstances, he might be called upon to pay for that which the next week he would cause to be torn down and removed. It frequently happens that the lot and a new house sell for less than the cost of building, and it is unfortunately true that one is often improved out of his estate. But before this can be done, he must at least consent to the making of the disastrous improvement." *Reppard* v. *Morrison*, 120 *Ga.* 30, 47 S. E. 555.

We have only referred to these decisions upon the subject of liens because the plaintiff in error strenuously insists that plaintiff was entitled to a general judgment, and the same doctrine of agency or authority to act would be applicable to bind the defendant for the contract of her husband and subject her to a general judgment as would be necessary were the assignment as to the special judgment properly before us. The only real question, therefore, is whether, the relation of husband and wife being shown, a finding is required that the latter shall, in any and all events, be bound therefor, where the husband for any reason sees fit, of his own accord and upon his own responsibility, to make expenditures upon premises which happen to be owned by the wife, but which were not the basis of the credit extended; or whether the creditor in such cases shall be required to prove other facts or circumstances in addition to the relationship, showing it to be right and proper that the wife shall be bound for the contract. If the husband is acting as agent for his wife and she is simply the undisclosed principal, of course her liability can not be questioned any more than if he had, with her assistance, concealed or misled the contractor as to the true ownership of the property, to improve which work or material was furnished. The authorities cited by the plaintiff in error upon the subject of an undisclosed principal are not applicable to the facts of this case. Where the wife is the principal and the husband agent, there are generally at least some circumstances

pointing to that conclusion. None such appear in this case. In the absence of evidence of any peculiar circumstances, no conclusive presumption arises, from proof of the relation of husband and wife, that a husband may not present his wife with a new bath-tub, or that he may not have it put in the house for his own use and benefit, although the wife may own the real estate.

Under the decisions in the cases of *Colquitt* v. *Solomon,* 61 *Ga.* 494, *Masland* v. *Kemp,* 70 *Ga.* 786, and other cases cited, there can be no question that even if the copy lien tendered should have been allowed as evidence, it can not be considered by this court. It is attached to the bill of exceptions on a separate sheet and following the judge's certificate. It is not identified by the judge's signature as being the "exhibit A" referred to in the bill of exceptions. Certainly, therefore, there could not have been a special judgment against the defendant; and as, in our opinion, the plaintiff's evidence fails to show that the wife was the undisclosed principal of her husband, and the evidence showed, without contradiction, that the employment was procured by the husband, the work done according to his suggestion and wishes, and all the payments made by him, there could have been no general judgment against the defendant. There was no error in the judgment awarding a nonsuit.                    *Judgment affirmed.*