HAYGOOD *v.* BROWN *et al.*

FISH, C. J. 1. When a bill of exceptions assigning error upon the refusal of an interlocutory injunction was certified by the judge and filed in the office of the clerk of the superior court, a document purporting to be an agreed brief of the oral and documentary evidence, which was presented to the judge and approved by him as a correct brief of the evidence submitted on the hearing, and which was so presented and approved subsequently to the certification and filing of the bill of exceptions, can not be considered by this court as a brief of evidence. See *Eubank* v. *Mayor etc. of Eastman*, 120 *Ga.* 1048 (48 S. E. 426); *Glover* v. *State*, 128 *Ga.* 1 (57 S. E. 101); *Jackson* v. *Georgia etc. R. Co.*, 132 *Ga.* 127, 134 (63 S. E. 841).

2. It appears that the material allegations of fact in the verified petition were denied on oath in the answer of the defendants, and the parties were at issue; and therefore this court can not adjudge that the trial judge abused his discretion in refusing an interlocutory injunction. See *St. Amand* v. *Lehman*, 120 *Ga.* 253 (47 S. E. 949).

*Judgment affirmed. All the Justices concur.*
OCTOBER 15, 1912.

Petition for injunction. Before Judge Brand. Jackson superior court. June 15, 1912.

*C. L. Bryson* and *P. Cooley,* for plaintiff.
*Lucian L. Ray,* for defendants.