SPRINGER *v.* OWEN.

LUMPKIN, J. 1. Exception was taken to the direction of a verdict. The bill of exceptions recited, that the defendant admitted the execution and delivery of the due-bill on which suit was brought; that "the defendant offered in evidence the testimony of various witnesses and certain documentary evidence, all of which is shown in the brief of evidence hereto attached as an exhibit and marked 'brief of evidence' and made a part hereof;" that the judge directed a verdict for plaintiff for a stated amount; and that the defendant excepted. After the certificate of the judge appears a mass of parol and documentary evidence, with no approval or identification by the presiding judge as being the evidence introduced on the trial. *Held,* that such evidence can not be considered; and there being no assignment of error which can be determined without it, the judgment must be affirmed. *Roberts* v. *City of Cairo,* 133 *Ga.* 642 (66 S. E. 938).

2. The act of 1911 (Acts 1911, p. 149) does not apply to this case. Where a motion for a new trial is made and heard in the court below, and the respondent therein fails to object to the brief of evidence for want of an approval, and permits the hearing to proceed without such approval, he can not raise the point for the first time in this court. But no such rule applies to what purports to be evidence attached to a bill of exceptions without approval or identification.

*Judgment affirmed. All the Justices concur.*

AUGUST 18, 1916.    REHEARING DENIED SEPTEMBER 14, 1916.

Complaint. Before Judge Pendleton. Fulton superior court. January 29, 1915.

*Samuel A. Boorstin* and *Napier, Wright & Wood,* for plaintiff in error. *Hewlett, Dennis & Whitman,* contra.