### 14467. JULIAN v. BAKER et al.

A good defense as against the demurrers was set up in the answers, in which liability for a personal injury from the operation of an elevator in a " home " for girls, of which the plaintiff was an inmate, and which was operated by the defendants as an unincorporated association, was denied, on the ground that the home was a charitable institution.

The brief of the evidence can not be considered by this court, it not being approved and filed until after the bill of exceptions had been certified, though counsel agreed that it be filed and made a part of the record.

DECIDED JULY 11, 1923.

Action for damages; from city court of Atlanta — Judge Reid. January 19, 1923.

For personal injuries at the Martha Candler Home, alleged to have been caused by negligence of an employee in the operation of an elevator, Baker and others were sued in this action by Miss Sue Julian, who in her petition alleged, that the home was operated by the defendants, that lodging was furnished there to women, that the guests would pay for their lodging at a rate fixed by the defendants and their agents, that the plaintiff was a guest at the home when injured, and that the relationship of innkeeper and guest existed between the defendants and the plaintiff. In the answer of three of the defendants it is denied that the relation of innkeeper existed, and it is averred that the plaintiff " occupied a room as a working girl upon a charity basis, she being unable to pay for board and lodging elsewhere." In paragraph 5 it is averred that the home " was being operated purely as an eleemosynary institution; it was operated for the benefit of working girls who were unable to pay their board elsewhere," and that " under the circumstances no recovery in damages can be had unless it be shown that the institution was being operated for pecuniary gain, or that it actually made a profit in the business that was being conducted; all of which is hereby denied." By amendment to the answer, " and especially to paragraph 5," it is alleged that " the Martha Candler Home was and is a purely charitable association, receiving annual contributions from the City of Atlanta and from Fulton County, and from the general public through the means of tag sales on the streets of the city and otherwise. Said institution has never been operated for profit, has never intended nor attempted to do so, and is purely eleemosynary in its character." The plaintiff

demurred, on the grounds: (1) Paragraph 5 as amended sets forth no valid defense; (2) it does not show that defendants have obtained a charter from the State for operating an eleemosynary institution, and granting to said institution the immunity from liability claimed by defendants; (3) the answer fails, in paragraph 5 or other parts, to allege facts exempting defendants from liability imposed upon them by law as common carriers of passengers upon the elevator in question; (4) paragraph 5, by itself or together with other parts of the answer, fails to show that the institution was purely eleemosynary in character, because the answer admits that the guests pay for their lodging at a rate fixed by the defendants and their agents. The demurrer was overruled, and the plaintiff excepted to this ruling.

Another defendant filed an answer, denying the material allegations of the petition, and by amendment alleged that the home was operated as a charitable institution, on a plan set out; also that it was operated by a de facto corporation, a charter having been applied for and the petitioners for incorporation and their associates having acted on the belief that an order of incorporation had been granted, although, by oversight, no such order had been obtained. The court sustained a demurrer to so much of this answer as set up that the home was operated by a de facto corporation, but overruled the demurrer as to the remainder of the answer. Exception was taken to the overruling of the demurrer in part. From this answer it appears that the home is conducted under the auspices of an association of ministers of different churches; that only girls who are working or are in search of work are admitted to the home, and that every girl is asked to pay as board what she can spare, up to $5 a week, but if she has not enough money to pay anything, she is received into the home and given the same attention as given to those who pay. It is alleged that no profit from the home has ever been contemplated or made by any of the defendants or any of the organizers of the work, and that the work has been carried on purely as a charity; that no compensation has been paid to any of the defendants or any officer or member of the association; that the only compensation is paid to matrons who run the home, or to servants; that the home is run at a loss, and the deficit is made up from monthly contributions given to it as a public

charity by the City of Atlanta and the County of Fulton, and by philanthropic individuals, and that much of the money is raised through the medium of tag days. It is alleged that the plaintiff paid nothing for her board or lodging, and that because of the charitable nature of the work the plaintiff can not recover.

On the trial of the case the court directed a verdict for the defendants, and they except to this in their bill of exceptions, and specify therein a brief of the evidence as a part of the record to be sent to this court. The bill of exceptions was certified in March and a brief of the evidence was approved and filed in the following May.

*Sam Craig, W. Paul Carpenter, Frank A. Hooper & Son,* for plaintiff.

*E. R. Craighead, H. A. Etheridge, Howard, Weltner & Cheatham,* for defendants.

LUKE, J. 1. The court did not err in overruling the demurrers to the defendants' answers.

2. The bill of exceptions in this case was certified on March 6, 1923. The evidence is not embodied in the bill of exceptions or specified as a part of the record. The writ of error was received and filed in the Court of Appeals on March 30, 1923. On May 28, 1923, a brief of evidence was filed in the office of the clerk of the trial court, and was by him transmitted to the Court of Appeals. It appears that this brief of evidence was not approved until May 28, 1923. The brief of evidence cannot be considered by this court. The trial judge was without authority to approve the brief of evidence after the bill of exceptions had been certified. *Simpson* v. *Simpson,* 138 *Ga.* 204 (75 S. E. 98); *Boatright* v. *Boatright,* 150 *Ga.* 68 (102 S. E. 424). Nor will an agreement by counsel that the brief of evidence be filed and made a part of the record alter the above rule. *Board of Education* v. *Day,* 128 *Ga.* 156 (1) (57 S. E. 359). And as the exception to the action of the trial judge in directing a verdict for the defendants is dependent for a determination upon the brief of evidence, the judgment of the court below must be affirmed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*