*J. H. Howard,* contra.

---

#### 14622. WALKER *v.* SMITH, sheriff.

JENKINS, P. J. This case is controlled by the ruling made in *Springer* v. *Owen,* 145 *Ga.* 730 (89 S. E. 780), and there being no assignment of error in the record which can be determined without reference to the unapproved and unidentified evidence accompanying copies of the pleadings, the judgment must be affirmed. See also *Rushing* v. *DeLoach,* 149 *Ga.* 483 (3) (100 S. E. 571).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 23, 1923. ADHERED TO ON REHEARING, FEBRUARY 23, 1924.

Action for damages; from Floyd superior court—Judge Wright. March 22, 1923.

Application for certiorari was denied by the Supreme Court.

*Henry Walker, F. W. Copeland,* for plaintiff.

*M. B. Eubanks, Harris & Harris,* for defendant.

##### ON REHEARING.

JENKINS, P. J. Irrespective of whether or not the evidence as we find it in the record is properly before us (see *Stephens* v. *Woolbright,* 60 *Ga.* 322, 324; *Jones* v. *Wadley,* 145 *Ga.* 569, 89 S. E. 681; *Springer* v. *Owen,* 145 *Ga.* 730, 89 S. E. 780; *Rushing* v. *De-*

*Loach,* 149 *Ga.* 483 (3), 100 S. E. 571; *Ga. R. Co.* v. *Greer,* 7 *Ga. App.* 292 (1), 294, 66 S. E. 961), we could not pronounce that the court below abused its discretion in refusing a new trial. In this case the sheriff was sued for damages on account of an alleged breach of duty in accepting a bond with an insolvent surety, upon a counter-affidavit filed by a tenant in an eviction proceeding which had been previously brought by the present plaintiff as landlord, under section 5385 of the Civil Code (1910). In the present case the court directed a verdict for the defendant. The motion for a new trial does not except to this, but contains only the general grounds. From an examination of the evidence, there appears to have been no proof either of insolvency of the bondsman or of any breach of duty by the defendant sheriff in connection with the former proceeding. The affidavit and warrant to evict the tenant were sued out before a justice of the peace, and the warrant was executed by a constable. Although it seems that the papers in the previous eviction case passed through the sheriff's office on their return from the justice's court to the superior court, for trial of the issue under section 5388 of the Civil Code (1910), it was not shown that the sheriff had received, approved, or passed upon the bond tendered by the tenant with the counter-affidavit, but presumably such papers would have been received by the constable executing the warrant. The verdict for the defendant sheriff was authorized, if not demanded, by the evidence.

*Judgment adhered to. Stephens and Bell, JJ., concur.*