19150. LUNSFORD, administrator, v. DOLVIN REALTY COMPANY.

STEPHENS, J. 1. Where, attached to a bill of exceptions and following the certificate of the trial judge, there is an exhibit containing a brief of evidence not authenticated by the trial judge otherwise than by his authentication of the bill of exceptions, which refers to the exhibit only by way of specification as part of the record, the brief of evidence as contained in the exhibit is not authenticated as being a true brief of the evidence. *Price* v. *Price*, 122 *Ga.* 321 (50 S. E. 91); *Roberts* v. *Cairo*, 133 *Ga.* 642 (2) (66 S. E. 938); *Porter* v. *Terrell*, 2 *Ga. App.* 269 (58 S. E. 493).

2. Where the only reference to the evidence is in a recital in the certificate of the trial judge to the bill of exceptions, that the bill of exceptions "contains all the evidence [and] specifies all the record," and in the recital in the bill of exceptions that "plaintiff in error specifies as material to a clear understanding of the errors complained of the following portions of the record, to wit: . . brief of all the evidence introduced by both plaintiff and defendant, including oral and documentary evidence, which brief of evidence is attached hereto as an exhibit to, and as a part of this bill of exceptions," there is no recital, either in the certificate or in the bill of exceptions, that the brief of evidence as contained in the exhibit is a true brief of the evidence, but the brief of evidence as contained in the exhibit is referred to only as a portion of the record material to a clear understanding of the errors complained of.

3. The only assignment of error presented by the bill of exceptions being an exception to the direction of a verdict, which can not be passed upon without reference to the evidence, and there being no brief of the evidence presented for consideration, no error appears, and the judgment of the trial court must be affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED. OCTOBER 3, 1929.

*Dillon, Calhoun & Dillon,* for plaintiff.
*McElreath & Scott,* for defendant.