JONES *v.* GATE CITY LODGE No. 54 *et al.*

HINES, J. The bill of exceptions specifies, as material to a clear understanding of the errors complained of, the affidavits introduced by the plaintiff upon the hearing of the application for interlocutory injunction. None of these affidavits, or of their substance, is set out in the bill of exceptions, or embraced in a brief of the evidence approved by the judge and filed as a part of the record in the case. There is in the record an order of the judge directing the clerk of the court to "file the within affidavits nunc pro tunc as of May 19, 1930." This order is dated May 26, 1930. Immediately following this order appears in the record the affidavits of various persons, which are not identified by the signature of the judge or otherwise than by the fact that they immediately follow the above order. They are filed as of date April 20, 1930. What purports to be a brief of certain oral and documentary evidence introduced by the plaintiff appears in the record. This brief of evidence is not approved by the trial judge and is not made a part of the record. In these circumstances the assignments of error in the bill of exceptions can not be intelligently passed on by this court without reference to the evidence; and there being no questions of law which can be passed on independently of the evidence, the judgment of the court below must stand affirmed. *Ansley* v. *Davidson,* 110 *Ga.* 279 (34 S. E. 611) ; *Moore* v. *Medlock,* 113 *Ga.* 259 (38 S. E. 825) ; *St. Amand* v. *Lehman,* 120 *Ga.* 253 (47 S. E. 949).

*Judgment affirmed. All the Justices concur.*

No. 7922. JANUARY 24, 1931.

*Charles W. Bergman,* for plaintiff.
*Branch & Howard* and *Bond Almand,* for defendants.