## 23746. LAKE v. WILLIAMS.

BROYLES, C. J. 1. "Proof of the relationship of husband and wife, and that work was done and material furnished to improve real estate belonging to the wife, without more, is not sufficient evidence to establish the fact that she is an undisclosed principal and the husband merely her agent, so as to render her liable for contracts made by him with third parties." *Porter* v. *Terrell,* 2 *Ga. App.* 269 (58 S. E. 493).

2. "The mere fact that a wife may be the owner of a tract of land upon which a house is erected out of materials furnished solely on the credit of her husband will not render her liable for the value of such materials, nor authorize a judgment against her for the same on the theory that she was the concealed principal of her husband, when there is no evidence that he was in any way acting as her agent when he purchased the materials." *Blount* v. *Dugger,* 115 *Ga.* 109 (41 S. E. 270). See also *Cornelia Planing-Mill Co.* v. *Wilcox,* 129 *Ga.* 522 (5) (59 S. E. 223).

(a) The fact that the erection of the building benefited the wife by increasing the value of her property would not affect the foregoing ruling. *Hightower* v. *Walker,* 97 *Ga.* 748 (25 S. E. 386).

3. This was a suit against a married woman to foreclose a materialman's lien. The plaintiff alleged that materials for the erection of a building were furnished by him to her through her husband as her agent. Upon the trial there was no evidence, either direct or circumstantial, to show the existence of the alleged agency, and the trial judge, sitting without a jury, erred in rendering a judgment in favor of the plaintiff, and thereafter erred in refusing to grant a new trial based upon the usual general grounds. It follows that the appellate division of the court, on an appeal, did not err in reversing the judgment of the trial judge. *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 18, 1934.

*Jones, Fuller, Russell & Clapp, J. D. McLamb,* for plaintiff.
*Tye, Thomson & Tye, Edwin L. Sterne,* for defendant.