## 23899.  WOODALL *v.* McCURRY.

DECIDED NOVEMBER 12, 1934.  REHEARING DENIED JANUARY 7, 1935.

*M. V. Higdon, J. C. Edwards,* for plaintiff in error.
*McMillan & Erwin,* contra.

SUTTON, J. 1. This was a direct bill of exceptions brought to review the direction of a verdict in favor of the plaintiff; and the only assignment of error therein is upon the direction of such verdict. No brief of the evidence was approved by the trial judge

and sent up as a part of the record in the case; nor did the bill of exceptions contain a brief of the evidence. The bill of exceptions recites that "A brief of all the evidence offered and introduced on the trial of said illegality proceedings is hereto attached as a part of this bill of exceptions and is marked and entered as Exhibit A. There is also attached as a part of Exhibit A and this bill of exceptions a brief of the statements, objections, and motions of the counsel for the parties, and the statements and ruling of the court." Attached to the bill of exceptions as "Exhibit A" is what purports to be a brief of the evidence introduced upon the trial of the case, with the objections, motions, and rulings thereon. This brief is not identified or authenticated by the trial judge in any manner, and is appended to the bill of exceptions after the certificate of the trial judge certifying the bill of exceptions.

1. A brief of the evidence "not being set out in the bill of exceptions, or attached thereto as an exhibit and properly identified by the trial judge," or approved by the trial judge and sent up as a part of the record, what purports to be a brief of the evidence attached to the bill of exceptions, after the certificate of the trial judge, but not identified by the signature of the trial judge or authenticated in any other manner, can not be considered by this court; and assignments of error, the determination of which is dependent upon a brief of the evidence, therefore, can not be passed upon. *Price* v. *Price,* 122 *Ga.* 321 (50 S. E. 91.) ; *Kennedy* v. *Rogers,* 145 *Ga.* 292 (88 S. E. 974) ; *Jones* v. *Gate City Lodge,* 171 *Ga.* 844 (156 S. E. 672) ; *Porter* v. *Terrell,* 2 *Ga. App.* 269 (58 S. E. 493) ; *Fitzgerald* v. *Brown,* 22 *Ga. App.* 57 (95 S. E. 377).

2. The fact that the bill of exceptions contained the recital that there was attached thereto as "Exhibit A" a brief of the evidence offered and introduced upon the trial of the case would not sufficiently identify and authenticate Exhibit A as a true and correct brief of the evidence introduced upon the trial of the case. "Whatever precedes the judge's certificate, though called an exhibit, is a part of the bill of exceptions, and may be verified by the certificate alone. . . What follows the certificate as an exhibit is an exhibit proper, and must be identified." *Colquitt* v. *Solomon,* 61 *Ga.* 492, 494; *Roberts* v. *Cairo,* 133 *Ga.* 642 (2) (66 S. E. 938) ; *Springer*

v. *Owen,* 145 *Ga.* 730 (89 S. E. 780); *Walker* v. *Smith,* 31 *Ga. App.* 205 (121 S. E. 692). "Where, attached to a bill of exceptions and following the certificate of the trial judge, there is an exhibit containing a brief of evidence not authenticated by the trial judge otherwise than by his authentication of the bill of exceptions, which refers to the exhibit only by way of specification as part of the record, the brief of evidence as contained in the exhibit is not authenticated as being a true brief of the evidence." *Lunsford* v. *Dolvin Realty Co.,* 40 *Ga. App.* 397 (149 S. E. 805).

3. The only assignment of error presented by the bill of exceptions being an exception to the direction of a verdict for the plaintiff, which can not be passed upon without reference to the evidence, and there being no brief of the evidence presented which can be considered by this court, the judgment of the court below will be assumed to be correct. *Price* v. *Price, Roberts* v. *Cairo,* supra; *Terrell County* v. *Dawson,* 172 *Ga.* 403 (7) (158 S. E. 47).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*