GEWINNER *v.* BOSS *et al.*

No. 12620. April 11, 1939.

*Hugh B. Cobb* and *J. B. McCurdy,* for plaintiff.

*J. C. Savage, C. S. Winn, Bond Almand, J. C. Murphy,* and *C. R. Wheeless,* for defendants.

Reid, Chief Justice. H. J. Gewinner, a citizen of Fulton County, Georgia, filed in the superior court a petition against Morris Boss and the City of Atlanta, in which he alleged that "the City of Atlanta by and through its duly authorized agents have approved the application of Morris Boss for a permit to operate a liquor store at 629 Spring Street, N. W., in the City of Atlanta;" that said location is within 50 feet of two private residences, and within 100 feet of All Saints Episcopal Church; that "under the State law and the ordinances of the City of Atlanta under which liquor stores may be operated . . no liquor store may be granted a permit to operate within one hundred and fifty feet of a residence on the same side of the street or within three hundred feet of a

church." The prayers were (a) that the City of Atlanta and its agents be enjoined from issuing a permit to Morris Boss for the operation of a liquor store at said location; (b) that if the permit has already been granted, the same be canceled and revoked by the court; and (c) that Boss be enjoined from operating a liquor store at said location. Certain other citizens intervened and made themselves parties plaintiff to the proceeding. The defendants filed answers in which it was admitted that the City of Atlanta had issued a permit or license to Boss for the operation of a liquor store at said location, and that the law of the State and an ordinance of the City of Atlanta prohibit the operation of a liquor store within one hundred yards of a church; but they denied that there was any law or ordinance prohibiting the grant of a permit or license for the operation of a liquor store within 150 feet of a private residence. The answers further denied that the location of the liquor store was within one hundred yards of the All Saints Episcopal Church. The judge passed the following order, to which exceptions were taken by Gewinner: "The within case coming on for a hearing on the prayers for an interlocutory injunction, and after hearing the evidence and argument, it is hereby ordered and adjudged that said prayers are denied and refused."

1. The bill of exceptions specifies, as material to a clear understanding of the errors complained of, certain affidavits in support of the allegations of the petition and certain documents containing excerpts of "the liquor ordinance of the City of Atlanta," which it is alleged were introduced in evidence at the hearing. None of these affidavits or documents appear to have been identified or ordered filed by the judge as part of the record, or are set out in the bill of exceptions or attached thereto as exhibits, nor are they incorporated in an approved brief of the evidence properly certified by the judge; and therefore these affidavits and documents can not be considered by this court as evidence. *Jones* v. *Middle Georgia Cotton Mills,* 131 *Ga.* 52 (61 S. E. 977); *Moss* v. *Moss,* 141 *Ga.* 769 (82 S. E. 136); *Blackman* v. *Garrett,* 135 *Ga.* 226 (69 S. E. 110); *Jones* v. *Gate City Lodge,* 171 *Ga.* 844 (156 S. E. 672). The answers of the defendants denying the material allegations of the plaintiff's petition served the office of both pleading and evidence at the interlocutory hearing; and the affidavits and documents introduced as evidence not being properly before this court, it does

not affirmatively appear that the judge erred in denying an injunction. *St. Amand* v. *Lehman,* 120 *Ga.* 253 (47 S. E. 949) ; *Eubank* v. *Eastman,* 120 *Ga.* 1048 (48 S. E. 426). It is unnecessary to determine whether, had the plaintiff established the material allegations of his petition without material contradiction, he would have been entitled to the relief prayed for.

*Judgment affirmed. All the Justices concur.*