29836.   CALDWELL *v.* COMMERCIAL INVESTMENT DISCOUNT INC.

DECIDED MARCH 6, 1943.

14

*J. D. Tindall, J. F. Kemp, Clint W. Hager,* for plaintiff.

*Hooper, Hooper & Miller,* for defendant.

FELTON, J. (After stating the foregoing facts.) The trial judge cited as authority for his action in passing the nunc pro tunc order the following part of Ga. L. 1933, pp. 290, 297 § 5(b): "Where the amount involved is less than three hundred dollars, exclusive of interest, attorneys' fees, and costs, the trial judge shall at any time, in the furtherance of justice, upon such terms as may be just, permit any claim, suit, process, proceeding, pleading, or record to be amended, in form or in substance, or material supplemented matter to be set forth in an amended or supplemental oral claim or pleading. The judge at every stage of the proceedings must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties, and amendments changing the cause of action, or presenting a new cause of action, arising out of the same transaction or subject-matter, shall be allowed, providing, however, for time to the opposite party, where in the discretion of the court it is deemed necessary to meet the new matter claimed by the amendment." Whether this law gives authority for the action attempted in this case or not (and we do not now decide that question), since the additional documents ordered sent up to the appellate division were not certified by the trial judge as a part of the brief of evidence, or identified as such, the appellate division had no authority to consider them. They were simply sent up to the appellate division by the clerk of the court; and while it may be that they were the documents in evi-

dence, we know of no rule of law which would authorize original documentary evidence, or copies thereof, to be considered by an appellate court which had not been certified to as a part of the record or otherwise properly identified by the trial judge. *Porter* v. *Terrell*, 2 *Ga. App.* 269 (58 S. E. 493) ; *Moore* v. *Southern Ry. Co.*, 31 *Ga. App.* 512 (121 S. E. 138); *Goodwyn* v. *Bennett*, 41 *Ga. App.* 285 (152 S. E. 605) ; *McBurnette* v. *Huff*, 154 *Ga.* 452 (114 S. E. 578) ; *Greenfield* v. *Harvey*, 191 *Ga.* 92 (11 S. E. 2d, 776) ; *Woodall* v. *McCurry*, 50 *Ga. App.* 313 (177 S. E. 919) ; *Smith* v. *Buchanan*, 182. *Ga.* 250 (185 S. E. 317). As appears from the opinion of the presiding judge of the appellate division in reversing the judgment of the trial judge, the appellate division considered as part of the brief of the evidence the documents above referred to, which we have held were not legally a part of the brief of evidence. The appellate division having reversed the judgment upon a consideration of matters that did not constitute a legal brief of the evidence, the judgment of the appellate division should be reversed. The case will then stand in the appellate division for further proceedings as may appear to be meet and proper.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*