31657. HALL *v.* MACON, DUBLIN & SAVANNAH RAILROAD COMPANY.

Decided July 16, 1947.

*Thomas W. Johnson, W. W. Daniel,* for plaintiff.
*James D. Shannon, Jones, Jones & Sparks,* for defendant.

SUTTON, C. J. Gordon Hall sued Macon, Dublin & Savannah Railroad Company for damages. At the conclusion of the evidence, the trial judge, on April 15, 1947, directed a verdict in favor of the defendant. Thereupon, the plaintiff in error, on May 3, 1947, presented to and caused to be certified by the trial judge a direct bill of exceptions, assigning error on the direction of the verdict against him. The evidence was not embodied in the bill of exceptions. On May 24, 1947, a purported brief of the evidence was approved by the trial judge and ordered filed as a part of the record in the case. This purported brief of the evidence was transmitted to this court, along with the other portions of the record specified in the bill of exceptions.

After the case was docketed in this court, the defendant in error filed a motion to dismiss the writ of error, upon the ground that there was no brief of the evidence constituting a part of the record in the court below at the time the judge certified the bill of exceptions, and that the order of May 24, 1947, purporting to approve a brief of the evidence and to make it a part of the record in the case, was a nullity.

1. The motion of the defendant in error to dismiss the writ of error is denied. It is not ground to dismiss a writ of error that a proper brief of the evidence is not set out in the bill of exceptions, or attached thereto as an exhibit and properly identified by the trial judge, or approved by him and sent up as a part of the record, but any assignment of error therein contained which is dependent for determination upon a consideration of the evidence will be affirmed, as the judgment of the court below in these circumstances will be assumed to be correct. In this connection, see *Pryor* v. *Pryor,* 162 *Ga.* 148 (132 S. E. 895); *Woodall* v. *McCurry,* 50 *Ga. App.* 313 (177 S. E. 919).

2. The brief of the evidence can not be considered by this court, since it was approved by the judge subsequently to the time the bill of exceptions was certified. "The trial judge was without authority to approve the brief of evidence after the bill of exceptions had been certified." *Julian* v. *Baker,* 30 *Ga. App.* 628 (118 S. E. 594). This court can not consider the writing approved by the judge as a brief of the evidence after the bill of exceptions was certified, and the case must be treated as one in which there is no approved brief of evidence. *Millon* v. *Savannah,* 121 *Ga.* 89 (48

S. E. 684). In this connection, also see *Jackson* v. *Georgia, Southern & Fla. Ry. Co.,* 132 *Ga.* 127, 134 (63 S. E. 841); *Simpson* v. *Simpson,* 138 *Ga.* 204 (75 S. E. 98); *Haygood* v. *Brown,* 138 *Ga.* 778 (75 S. E. 1120); *Kelley* v. *Atlanta,* 141 *Ga.* 612 (81 S. E. 612); *Boalright* v. *Boatright,* 150 *Ga.* 68 (102 S. E. 424); *Pryor* v. *Pryor,* supra.

3. The only assignment of error presented by the bill of exceptions being an exception to the direction of a verdict for the defendant, which can not be passed upon without reference to the evidence, and no brief of evidence being presented which can be considered by this court, the judgment of the court below will be assumed to be correct. *Woodall* v. *McCurry,* supra. Also, see *Price* v. *Price,* 122 *Ga.* 321 (50 S. E. 91), and citations.

*Judgment affirmed. Felton and Parker, JJ., concur.*