## 33715. FLOWERS *v.* GENERAL MOTORS ACCEPTANCE CORP.

DECIDED OCTOBER 4, 1951.

*Benjamin Zeesman,* for plaintiff.

*Martin, Snow & Grant, Davis & Friedin,* for defendant.

SUTTON, C. J. An attachment in favor of Marvin C. Flowers against C. C. Braden, returnable to the August term, 1949, of the Superior Court of Dooly County, was, on June 29, 1949, levied on a described Chevrolet truck, and a claim thereto was filed by General Motors Acceptance Corporation. Upon the trial, after the introduction of evidence, a verdict was directed for the claimant, and the plaintiff in fi. fa. brought the case to this court by a direct bill of exceptions, in which error is assigned on the direction of the verdict and on certain rulings of the court, rejecting evidence tendered by the plaintiff in fi. fa. and admitting certain evidence introduced by the claimant over the objections of the plaintiff in fi. fa. The judge's certificate to the bill of exceptions states: "I do certify that the foregoing bill of exceptions is true, and specifies all of the record, material to a clear understanding of the errors complained of; and the Clerk of the Superior Court of Dooly County is hereby relieved from making out copies of such parts of the record in said case as are in this bill of exceptions specified in the seven foregoing specifications of the plaintiff in error in his said bill of exceptions, because same are set up as exhibits thereto, but said Clerk of Dooly Superior Court is hereby ordered to make out copies of the claim affidavit and the damage bond therewith, both filed September 12, 1949, which counsel have agreed shall be sent up with the record in said case, and certify the same as such, and cause the same to be transmitted to the Court of Appeals of Georgia, that the errors alleged to have been committed may be considered and corrected."

There is a motion by the defendant in error to dismiss the bill of exceptions on the grounds: (1) that every error complained of involves either the admissibility or sufficiency of the evidence, and the judge has not certified that the bill of exceptions contains or specifies all the evidence material to a clear understanding of the errors complained of; and (2) that the seven exhibits—A to G—referred to in the bill of exceptions are not a part of the bill of exceptions because they do not pre-

cede the judge's certificate but follow it, and none of them are identified by the judge; and since all of the errors complained of relate to or depend upon the admissibility or sufficiency of the evidence, there is no question this court can decide, since it cannot consider said exhibits.

1. The errors assigned in the bill of exceptions in this case are on the direction of a verdict and on rulings on the admissibility of evidence. Certain oral testimony is set out in the bill of exceptions, and the bill of exceptions recites that certain documentary evidence is attached thereto as exhibits. These exhibits come after the judge's certificate and are not properly identified by him. It was held as far back as *Colquitt* v. *Solomon*, 61 *Ga.* 492, that "Whatever precedes the judge's certificate, though called an exhibit, is a part of the bill of exceptions, and may be verified by the certificate alone. . . What follows the certificate as an exhibit, is an exhibit proper, and must be identified . . by the judge's signature upon the same"; and such ruling has been consistently followed up to the present time. *Roberts* v. *City of Cairo*, 133 *Ga.* 642 (66 S. E. 938); *Jones* v. *Wadley*, 145 *Ga.* 569 (89 S. E. 681); *Rushing* v. *De-Loach*, 149 *Ga.* 483 (3) (100 S. E. 571). "Where, attached to a bill of exceptions and following the certificate of the trial judge, there is an exhibit containing a brief of evidence not authenticated by the trial judge otherwise than by his authentication of the bill of exceptions, which refers to the exhibit only by way of specification as part of the record, the brief of evidence as contained in the exhibit is not authenticated as being a true brief of the evidence." *Lunsford* v. *Dolvin Realty Co.*, 40 *Ga. App.* 397 (1) (149 S. E. 805).

It is a well-settled rule of law that, where the errors complained of relate to and require a consideration of the evidence, the evidence must be brought up in the bill of exceptions, or attached thereto as exhibits, properly identified by the trial judge, or be embodied in an approved brief of the evidence and brought up as a part of the record. Where this is not done the alleged errors cannot be considered. *Woodall* v. *McCurry*, 50 *Ga. App.* 313 (177 S. E. 919), and citations; *Attaway* v. *Duncan*, 206 *Ga.* 230, 232 (56 S. E. 2d, 269).

The certificate of the judge does not recite that the bill of

exceptions contains or specifies all of the evidence. Certainly, the documentary evidence contained in the exhibits attached to the bill of exceptions, following the certificate of the judge and not properly identified by him, is not properly before this court so as to be considered.

2. A consideration of the evidence being necessary for a determination of the errors complained of in the bill of exceptions, and some of the material evidence not having been brought to this court in such manner that it can be considered, it will be presumed that the trial judge properly directed a verdict for the claimant, and the judgment of the trial court will be affirmed. *Kennedy* v. *Rogers,* 145 *Ga.* 292 (3) (88 S. E. 974) ; *Woodall* v. *McCurry,* 50 *Ga. App.* 313 (3) (supra).

*Judgment affirmed. Felton and Worrill, JJ., concur.*