### 40830. THOMAS et al. v. ADRIAN FINANCE CORPORATION.

JORDAN, Judge. This was a suit on a note. The defendants filed an answer and cross action in which they attempted to assert the defense of material alteration, a plea of usury and a cause of action in tort for fraud and deceit for which a recovery of punitive damages and attorney's fees was sought against the plaintiff. The trial court sustained the plaintiff's general

and special demurrers to the answer and cross action with leave to amend; and upon the answer and cross action being amended, the court sustained the renewed and additional demurrers and struck all the defensive pleadings except that part setting up the defense of material alteration. The exception is to this order and to the subsequent judgment of the court directing a verdict in favor of the plaintiff. *Held:*

1. (a) "[A] plea of usury, to withstand a general demurrer, must contain specific and definite allegations on which to calculate the usury alleged to have been paid, without aid from extraneous sources." *Commerce Finance Co. v. Perry,* 67 Ga. App. 491 (2) (21 SE2d 123). The defendant's plea of usury did not allege the "amount of usury agreed upon, taken, or reserved" as required by *Code* § 81-901; nor did the plea contain sufficient specific allegations upon which the same could be calculated, as the consideration for the note sued upon was not set forth, it only being alleged that the defendants had agreed to pay a stated amount and that the difference between the agreed amount and the face amount of the note was usurious.

(b) "A cross action is not valid which attempts to plead an ex delicto claim against an action ex contractu unless it is alleged that the plaintiff is either insolvent or a nonresident." *McKellar v. Childs,* 97 Ga. App. 199 (102 SE2d 513). There being no such allegation in the cross action, a recovery of punitive damages and attorney's fees predicated upon an alleged cause of action in tort for fraud and deceit was not permissible in this action.

(c) The trial court did not err therefore in sustaining the plaintiff's renewed and additional demurrers to the answer and cross action of the defendants, as amended, and in striking all of the defensive pleadings except that setting forth the defense of material alteration.

2. The record discloses that the brief of the evidence in this case was approved by the trial judge after the bill of exceptions had been certified. Such a brief of evidence cannot be considered by this court as the trial judge was without authority to approve the brief after the bill of exceptions had been certified. *Julian v. Baker,* 30 Ga. App. 628 (118 SE 594); *Milton v. City of Savannah,* 121 Ga. 89 (48 SE 684). Accordingly, the remaining assignment of error presented by the bill of exceptions being an exception to the direction of a verdict, which

426

cannot be passed upon without reference to the evidence, and no brief of evidence being presented which can be considered by this court, the judgment of the trial court directing a verdict for the plaintiff, will be assumed to be correct. *Hall v. Macon, D. &c. R. Co.*, 75 Ga. App. 460 (43 SE2d 582).

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED OCTOBER 6, 1964.

*William H. Buffington,* for plaintiff in error.
*Jones, Sparks, Benton & Cork, Frank C. Jones,* contra.