53059. HARPER et al. v. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY.

CLARK, Judge.

Plaintiffs in two suits, husband and wife, appeal from judgments rendered in a consolidated trial upon verdicts for the defendant railroad arising out of a crossing collision between a pickup truck driven by the husband and a locomotive. There are 18 enumerations of error. Our review results in an affirmance.

1. The first assignment deals with an incident involving a single juror. During the three-day trial this juror on his own volition visited the scene of the

occurrence. Upon his reporting his action to the trial judge a chambers conference was held with the attorneys. The transcript does not state the details of this closed meeting. The record indicates that counsel and the court there reached an agreement as to the instructions to be given to the jury to cure this situation. In clear and explicit terms the judge informed the jury as to their responsibilities. "You are to reach your verdict based on the evidence that you receive in this courtroom, and that juror is to disregard anything that he observed. . . And that juror is not to to reveal any of his observations to the rest of you. . . his observations are not to be taken into consideration in reaching your verdict." The court further explained that a visit to the scene by the jury as a whole as requested by the single juror would violate the rules of evidence. He expanded on these specific instructions in such fashion that we are satisfied the juror's unauthorized visit had no impact upon the jury's decision.

2. The second enumeration avers that "The court erred in failing to permit the plaintiff to exhibit a video tape which was tendered in evidence." This videotape is not before us. Our decisions must be made on the record sent to this court from the trial tribunal and not upon the briefs of counsel. See *Jenkins v. Bd. of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204) and cits. Original documentary evidence or copies thereof which have not been certified as a part of the record or otherwise properly identified by the trial judge can not be considered by an appellate court. *Caldwell v. Commercial Invest. Discount,* 69 Ga. App. 13, 16 (24 SE2d 703).

3. We also find no merit in the third assignment dealing with an evidentiary enumeration. The trial court ruled irrelevant the description by a witness of the area at a distance (600 feet) from the crossing. This ruling was limited to that specific location. It did not exclude testimony as to the physical aspects closer to the collision location. Furthermore, the exclusion could not be considered to be harmful error as seven of plaintiff's and a similar number of defendant's photographs admitted in evidence show the area within a sufficient distance of the tracks. "The burden is on the party alleging error to show affirmatively an error that injured him. [Cits.] This has

not been shown here. No injury occurred; no legal error exists." *Hogan v. City-County Hospital,* 138 Ga. App. 906, 910 (227 SE2d 796).

4. As to another evidentiary enumeration, the judge did not err in instructing the jury "to disregard the last remark of the witness that was irresponsive to the question [it being] as to her feelings and her likes and dislikes. Her description of the scene—you may consider that. How she felt about it or didn't feel about it would not be responsive. She may describe it." (T. 305).

5. We are unable to deal with the next enumeration of error (No. 5) as it deals with an illustrative drawing designated as Exhibit No. D-13. This exhibit does not appear in the record.

6. The next enumeration avers error in permitting a member of the railroad crew to express an opinion. Over objections the witness testified that the vehicle in which plaintiff husband was riding when it struck the train would have cleared the track and there would have been no collision if the truck had not traveled down the track towards the train. Such opinion evidence is admissible by an eyewitness providing he first testifies as to the facts and reasons upon which he based his opinion. "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor; but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible." Code § 38-1708. For a clarifying elucidation of this Code section see the opinion by Chief Justice R. C. Bell[1] in *Barron v. Chamblee,* 199 Ga. 591, 595 (34 SE2d 828).

7. Enumerations 9 and 14 require us to determine if the exceptions to two of the jury instructions meet the criterion stated in the recent decision of *Christiansen v.*

---

[1] Reason Chesnutt Bell (1880-1962) served ten years on the Court of Appeals and 17 years on the Supreme Court. He was the first Chief Justice to be elected to this position by his fellow Justices. This procedure mandated by the Constitution of 1945 ended selection by the electorate. His memorial is in 218 Ga. XXI.

*Robertson,* 237 Ga. 711. There our Supreme Court expressly rejected the strict standard of specificity of *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393). That tribunal specifically stated their approval of the measurement set forth in Judge Deen's special concurrence in *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 181 (186 SE2d 566) affd. 229 Ga. 104 (189 SE2d 392).

Do the objections here meet that test? The objections serving as the basis for these two enumerations read as follows: "I object to the court's giving defendant's request to charge No. 4 on the grounds that it is incorrect as an abstract principle of law and as adjusted to the evidence in this case." The other exception reads exactly the same: "I object to the court's giving defendant's request to charge No. 12, as it is an incorrect statement as an abstract principle of law and as adjusted to the evidence in this case."

In our view this kind of general exception does not meet the directive of the Supreme Court. As noted that tribunal adopted the views of the concurring opinion of Judge Deen in *A-1 Bonding Service v. Hunter,* supra, 125 Ga. App. pp. 180-182. Our brother quoted from 5A Moore's Federal Practice § 51.04, p. 2521: "The Rule does not require formality, and it is not important in what form an objection is made or even that a formal objection is made at all, *as long as it is clear that the trial judge understood the position;* the purpose of the Rule is to inform the trial judge of possible errors so that he may have an opportunity to correct them. By the same token, a mere general objection is insufficient. . ."

The exceptions stated here are insufficient as they constitute "a mere general objection."

The exception approved in the Supreme Court's opinion read: "Turning to the defendant's request No. 6, we would like to except to the court's giving that particular charge, the charge of sudden emergency." The court then noted that "A trial court would know that the objection asserted that the doctrine of sudden emergency was not applicable."

That differs from the generality used here. To satisfy the Supreme Court's ruling in *Christiansen v. Robertson,*

supra, we submit this to be correct: "To be reviewable an objection to a trial court's charge must be more than a mere general objection which points out no specific defect; the objection must be sufficiently specific to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the court and afford the trial judge an opportunity to correct any error in his charge without the necessity of an appeal. [Cits.]" *Butts v. Brooks,* 138 Ga. App. 653, 654 (227 SE2d 76).

We disapprove of a general exception which states only that "Plaintiff's [or defendant's] request to charge No. — is incorrect as an abstract principle of law and as adjusted to the evidence in this case." To hold otherwise would mean that in every trial an advocate would so express himself protectively as to each request submitted by his adversary. The result would be a return to the situation existing prior to this revision of our trial procedure when losing counsel were permitted without restraint to go through a charge with a fine tooth comb. As we said in *Hogan v. City-County Hospital,* 138 Ga. App. 906, 908 (227 SE2d 796), "Mere generalities will not suffice."

8. The remaining assignments of error also deal with the charge but these cannot be considered because of the failure to except specifically to each as required by Code Ann. § 70-207 (a).

*Judgment affirmed. Bell, C. J., concurs. Stolz, J., concurs specially.*

ARGUED NOVEMBER 1, 1976 — DECIDED NOVEMBER 24, 1976 — REHEARING DENIED DECEMBER 15, 1976 —

*Bennett & Wisenbaker, Jim T. Bennett, Jr., Denmark Groover, Jr.,* for appellants.

*Blackburn & Bright, Converse Bright, Hall & Bloch, F. Kennedy Hall,* for appellee.

STOLZ, Judge, concurring specially.

I concur in the judgment of the majority affirming the judgment below, but I do not join in that part of Division 7 holding the quoted objections to be insufficient. However,

I find that each of the charges to which the appellant objects, when read as a whole, is correct. See *Gaines v. Dept. of Transportation,* 140 Ga. App. 741 (4); *City Dodge, Inc. v. Gardner,* 130 Ga. App. 502 (2) (203 SE2d 729) (1973).