14981. MOORE *v.* SOUTHERN RAILWAY COMPANY.

LUKE, J. 1. The bill of exceptions recites: "The case then proceeded and plaintiff and defendant both introduced oral and documentary evidence. A brief of the evidence is hereto attached, marked as exhibit 'B,' and is hereby made a part of this bill of exceptions." Following the judge's certificate to the bill of exceptions the case is stated, and following the statement of the case the names of persons who testified are given, and under separate heads of direct and cross-examinations there is given the purported evidence of the persons named. The purported brief of evidence has no approval of the trial judge, nor is it of file in the clerk's office of the trial court as a part of the record; nor is it identified by the court; nor is any portion of the evidence set out in the

bill of exceptions. In other words, there is no approved brief of evidence in the case.

(a) The bill of exceptions undertakes to complain of the judgment of the court in directing a verdict for the defendant. It follows that this court cannot consider the question as to whether the trial court was right or wrong in directing the verdict, for the reason that there is no part of the evidence incorporated in the bill of exceptions, nor is there an approved brief of the evidence.

(b) No exhibit attached to a bill of exceptions which follows the certificate of the trial judge and is not identified by him can be considered by the reviewing court, as has been repeatedly held by this court and the Supreme Court. See *Hightower* v. *Davis*, 24 *Ga. App.* 689 (102 S. E. 34), and cases there cited; *Hancock* v. *McNutt*, 116 *Ga.* 297 (42 S. E. 525); *Sayer* v. *Brown*, 119 *Ga.* 539 (46 S. E. 649).

2. Error is assigned upon the allowance of an amendment to the answer of the defendant, and error is assigned also upon the admission in evidence of a certain contract, which is not incorporated in the bill of exceptions. Neither of these assignments of error will work a reversal in the case, for the reason that there is no brief of the evidence, and this court cannot determine whether there was an effort to sustain the amendment to the answer, even if it were error to allow the amendment. The assignment of error upon the introduction of evidence over objection of the plaintiff cannot be considered, for the reason that the evidence is not set out in the bill of exceptions, nor is it a part of an approved brief of evidence.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J. concur.*

DECIDED JANUARY 15, 1924.

Action for damages; from Hall superior court—Judge J. B. Jones. July 18, 1923.

*C. N. Davie, E. D. Kenyon*, for plaintiff in error.
*Ed. Quillian, Charters, Wheeler & Lilly*, for defendant.