34892. STEWART, Intervenor, *v.* ECHOLS COUNTY *et al.*

TOWNSEND, J. Where, as here, there is no motion for a new trial, but the exception is to the judgment of the trial court validating certain bonds over objection of the intervenor (the plaintiff in error), which judgment is assigned as error in a direct bill of exceptions, and where it is necessary for this court to examine a brief of evidence in order to come to a determination as to the errors alleged to have been committed upon the trial of this issue, an approved brief of evidence is essential for consideration of the record. Where the judge's certificate precedes the

brief of evidence, which is attempted to be set out as an exhibit to the bill of exceptions, but which is in no way verified by the trial judge as being the exhibit referred to in the bill of exceptions, such exhibit cannot be considered, and this court has no alternative but to affirm the decision of the trial court. *Moore* v. *Southern Ry. Co.*, 31 *Ga. App.* 512 (1) (121 S. E. 138); *Blackwell* v. *Farrar*, 208 *Ga.* 757 (69 S. E. 2d 574); *Cornett* v. *Justice*, 209 *Ga.* 375 (72 S. E. 2d 724); *Giles* v. *Peachtree Pantries*, 209 *Ga.* 536 (74 S. E. 2d 545).

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 15, 1953—REHEARING DENIED NOVEMBER 3, 1953.

J. E. B. *Stewart*, for plaintiff in error.

John W. *Langdale*, J. B. *Edwards, Solicitor-General*, contra.