37773. FRIEDMAN *v.* BAXLEY *et al.*

CARLISLE, Judge. 1. There is no provision of law in this State for more than one bill of exceptions. Code (Ann.) § 6-801 et seq. Only that which precedes the judge's certificate in order of arrangement may be considered as a part of the bill of exceptions. What follows the certificate, if anything, is merely an exhibit to the bill of exceptions and must be identified as such by reference thereto in *the bill of exceptions* and by appropriate identification by the signature of the trial judge thereon. *Roberts* v. *City of Cairo,* 133 *Ga.* 642, 644 (66 S. E. 938) ; *Green* v. *Ford,* 72 *Ga. App.* 681, 682 (1) (34 S. E. 2d 913) ; *Flowers* v. *General Motors Acceptance Corp.,* 84 *Ga. App.* 681 (67 S. E. 2d 159) ; *Stewart* v. *Echols County,* 89 *Ga. App.* 99 (78 S. E. 2d 867).

2. "A bill of exceptions is a formal statement in writing of exceptions taken by a party on the trial to a ruling, decision, charge, or opinion of the trial judge, setting out the proceedings on the trial, the acts of the trial judge alleged to have been erroneous, the objections and exceptions taken thereto, together with the grounds therefor, and authenticated by the trial judge according to law." 4 A C. J. S. 696, § 802. Consistent with the foregoing definition of a bill of exceptions, our law provides that it shall specify plainly the decision complained of and the alleged error. Code (Ann.) § 6-901. *Strickland* v. *Strickland,* 213 *Ga.* 588 (100 S. E. 2d 460).

3. In the instant case, the document addressed to this court and to which the certificate of the trial judge is appended, on its face purports to be nothing more than an amendment to the "original bill of exceptions," which amendment recites therein that the original bill was tendered on March 19, 1959. This document merely purports to strike from the original bill of exceptions certain wording thereof and to substitute therefor new wording embodied in the document, and to specify additional parts of the record to be sent up. Immediately following the aforesaid two-page document, which was signed by counsel for the plaintiff in error, there is a purported certificate of the trial judge in which he certifies "that the bill of exceptions tendered to this court on March 19, 1959, as corrected in conformity with the order of this court, dated April 10, 1959, is true and contains all of the evidence and specifies all of the record material [and] necessary to a proper understanding of the errors complained of. . . The delay in certifying the bill of exceptions was created by the necessity for making corrections to the original bill of exceptions which corrections have now been made." This certificate was signed on April 20, 1959, by the Judge of the City Court of Savannah. Following the judge's certificate, there appear, in order, an acknowledgment of service by counsel for the defendants in error, an entry of filing signed by the clerk of the court, and a certificate signed by the clerk of the court. This latter instrument certifies that the within and foregoing constitutes the true original bill of exceptions as corrected and transmits the document to the Court of Appeals. Following the foregoing documents, which are backed by an ordinary legal document backer bearing the name of the law firm representing the plaintiff in error, there is what purports to be the original bill of exceptions signed by counsel for the plaintiff in error, together with certificates of service on opposing counsel and acknowledgment of tender and rule nisi signed by the trial judge to show cause why the bill of exceptions should not be certified as true and correct, and following these is a regular certificate of the trial judge to the bill of exceptions, but unsigned by him. Under these facts there is no bill of exceptions within the meaning and requirements of the law as set forth above. Only such document, or documents, as precede the certificate signed by the trial judge can be considered as a part of the bill of exceptions. The document

·which precedes the certificate signed by the trial judge in this case is wholly insufficient to be considered as a bill of exceptions by reason of the fact that it contains therein no recitation of facts as to what transpired in the trial of the case, no assignment of error and no specification of parties plaintiff in error or defendant in error. There is nothing therein on which the judge's certificate as to the verity thereof can operate so as to form the basis for a valid writ of error, and accordingly it is wholly insufficient to give this court jurisdiction. Therefore, even though no motion to dismiss has been made, the writ of error must be dismissed. *Personal Credit Corporation* v. *Goldwire,* 88 *Ga. App.* 125 (76 S. E. 2d 129).

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 9, 1959—REHEARING DENIED SEPTEMBER 28, 1959.

*H. Sol. Clark, Brannen, Clark & Hester,* for plaintiff in error. *Lewis, Wylly & Javetz, John C. Wylly,* contra.

ON MOTION FOR REHEARING.

In a motion for rehearing, counsel for the plaintiff in error make the contention that the judgment of this court dismissing the writ of error was predicated on the arrangement of the documents sent up as constituting the bill of exceptions, that this arrangement was the act of the clerk of the court, and that the plaintiff in error ought not to be penalized for an error in the performance of a ministerial act on the part of the clerk of the court. From the facts set forth in the original opinion, it is apparent that what happened in this case was that counsel for the plaintiff in error tendered to the trial judge a bill of exceptions, that the judge returned it with his objections, that counsel prepared an amendment to the original bill and then when he submitted that amendment the judge certified that paper instead of the original bill.

The law places on counsel for the plaintiff in error the duty of seeing that his bill of exceptions is in proper form before he tenders it to the trial judge for his signature. It is not the clerk's duty to arrange the papers or to make up the bill of

exceptions, but only to certify and transmit the document as submitted to him. If the bill of exceptions was not in proper form when transmitted to this court, it was not the clerk's fault. The law, as embodied in Code Ch. 6-9, contemplates that when a trial judge returns a bill of exceptions with his objections, counsel should (except in those cases where he desires to mandamus the judge to sign it as originally tendered) redraft the document and resubmit it to the court as a single unified document.

Accordingly, the motion for a rehearing is denied.