### 38498. BELFOR v. LITTLE, Administrator, etc.

TOWNSEND, Judge. 1. An acknowledgment signed by counsel for the defendant in error, immediately following the judge's certificate on the bill of exceptions as follows: "Notice of the presentation of the within bill of exceptions only is hereby acknowledged" does not constitute an acknowledgment of service of the bill of exceptions, but only acknowledgment of notice of presentation to the trial court under *Code Ann.* § 6-908.1. *Maloney v. Balkcom*, 214 Ga. 194 (104 S. E. 2d 127). There being no acknowledgment, entry, or waiver of service of the bill of exceptions after its approval by the trial judge, the writ of error must be dismissed.

2. "Only that which precedes the judge's certificate in order of arrangement may be considered as a part of the bill of exceptions. What follows the certificate, if anything, is merely an exhibit to the bill of exceptions and must be identified as such by reference thereto in *the bill of exceptions* and by appropriate identification by the signature of the trial judge thereon." *Friedman v. Baxley*, 100 Ga. App. 242 (1) (110 S. E. 2d 684). A purported brief of evidence, transcript of the proceedings, and a number of exhibits are attached to the bill of exceptions following the judge's certificate thereon, but are not certified by the trial court, nor do they even appear to have been filed in the office of the clerk, nor does any evidence appear in the transcript of the record certified by the clerk. Even were service of the bill of exceptions waived,

which it does not appear to have been, the record is not sufficiently complete to present any question for decision on any of the assignments of error.

*Writ of error dismissed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED OCTOBER 5, 1960—REHEARING DENIED OCTOBER 25, 1960.

*Harry W. Belfor*, for plaintiff in error.
*John I. Kelley*, contra.